Allena JORDAN, Plaintiff-Appellant,

v.

UNITED EQUITABLE LIFE INSURANCE COMPANY, a corporation, Defendant-Respondent.

No. 34471.

Missouri Court of Appeals,
St. Louis District,
Division 2.

Oct. 31, 1972.

William R. Hirsch, Clayton, for plaintiff-appellant.

Guilfoil, Symington & Petzall, Gordon G. Hartweger, St. Louis, for defendant-respondent.

SIMEONE, Judge.

Allena Jordan appeals from a judgment of the Circuit Court in the City of St. Louis entered December 23, 1971, sustaining defendant-respondent's motion to dismiss on the grounds that the amended petition " . . . fails to state a claim upon

which relief can be granted against the defendant." The sole issue presented on this appeal, which is one of first impression in this state, is whether, under these bizarre circumstances, the beneficiary of an insured may recover from the insurer under a policy which provides that the insurance company insures against loss from "accidental bodily injury", provided that such bodily injuries are caused "solely by reason of an automobile . . . accident." We hold that the beneficiary may not, and affirm the judgment of the trial court.

Allena Jordan is the named beneficiary of a limited policy issued by United Equitable Life Insurance Company which was in force at the time of the insured's tragic death. The insured, Floyd Jordan, was a taxicab driver for Marcella Cab Company in St. Louis. While operating his cab he was robbed and shot to death by a passenger. According to the petition, the incident " . . . commenced within said taxicab, where decedent was first assaulted, and said assault continued and his body was deposited in an alley . . . "

The insuring clause of the policy in question states that United Equitable Life Insurance Company "DOES HEREBY INSURE the owner of this policy . . . against loss, as herein limited and provided, from accidental bodily injury sustained while driving, riding in, leaving or entering any automobile . . . for business or pleasure during the term of this policy, provided such bodily injuries are caused *solely by reason of an automobile . . . accident* . . . " (Emphasis added.)

Appellant, as beneficiary, demanded payment from respondent, and after the respondent refused to pay, appellant commenced this action on August 15, 1971. An amended petition was filed on November 10, 1971, seeking to recover payment of the $2,500 benefit, damages for vexatious refusal to pay, and attorney's fees. Thereafter, the respondent filed a motion to dismiss, which was sustained on December 23, 1971, and the amended petition dismissed. From that judgment Allena Jordan appealed to this Court.

The appellant urges: (1) that the term accident, as used in the insuring clause, encompasses and embodies a felonious assault within the automobile because death by felonious assault is death by "accident" or "accidental means" as those terms are used in Missouri, and because "accident" pertains to the acts or conduct of the insured which result in something "unusual, unexpected and unforeseen," and (2) that the policy insures the driver because the exclusionary clause should be construed only as a limitation as to the "place" of the accidental event, and not a limitation as to the cause or means of the accidental event.

Both parties rely on the general principles relating to the construction of insurance policies. These are well known, oft repeated, and need not be fully detailed. A brief summary will suffice.

The construction of insurance contracts is governed by the same general rules as are applied to the construction of other written contracts. Plain and unambiguous language must be given its plain meaning. If the words used are ambiguous or capable of different constructions, the policy is to be construed strictly against the insurer and liberally in favor of the insured. The meaning of the terms is to be tested by the common understanding and ordinary speech of average men and women. The function of the court is not to make a contract for the parties, but to construe the language used, and has no authority to rewrite the contract. Henderson v. Massachusetts Bonding and Ins. Co., 337 Mo. 1, 84 S.W.2d 922; Wendorff v. Missouri State Life Ins. Co., 318 Mo. 363, 1 S.W.2d 99; Greer v. Zurich Ins. Co., Mo., 441 S.W.2d 15.

Exceptions to liability are to be construed to give the insured the protection which he reasonably has a right to expect. Aetna Cas. and Sur. Co. v. Haas, Mo.Sup., 422 S.W.2d 316. These general

rules do not, however, authorize a perversion of language or the exercise by the court of inventive powers for the purpose of creating an ambiguity. Our function is to give force and effect to the contract as it is written, Wichman v. Aetna Cas. and Sur. Co., Mo.App., 412 S.W.2d 528, and the contract should receive reasonable interpretations in order to accomplish the intention of the parties, State ex rel. State Farm Mut. Auto. Ins. Co. v. Craig, Mo. App., 364 S.W.2d 343, 349.[1]

■ Appellant relies upon a number of decisions in life insurance and workmen's compensation cases which hold that an assault upon the deceased constitutes an accident or that death is caused by accidental means. Sellars v. John Hancock Mut. Life Ins. Co., Mo.App., 149 S.W.2d 404; Brown v. Metropolitan Life Ins. Co., Mo.App., 317 S.W.2d 651, transferred to Sup.Ct., 327 S. W.2d 252; Camp v. John Hancock Mut. Life Ins. Co. of Boston, Mass., Mo.App., 165 S.W.2d 277; Armes v. Missouri Ins. Co., Mo.App., 263 S.W.2d 873. The rule in Missouri is that in life insurance policies it is not sufficient to warrant recovery just because the insured's death may be unusual, unexpected or unforeseen, but it must be made to appear that the means or cause producing the death were unusual, unexpected or unforeseen, and thus "accidental." Camp v. John Hancock Mut. Life Ins. Co. of Boston, Mass., *supra*, by Bennick, J.; Callahan v. Connecticut General Life Ins. Co., 357 Mo. 187, 207 S.W.2d 279.

We deal here, however, with a "limited policy." With the general principles stated above, how is the language in the policy to be construed so as to carry out the intention of the parties, and without doing violence to the words used? We believe that the words of the policy are not ambiguous but are sufficiently plain so they must be given their ordinary meaning.

■ Without the exclusionary clause the policy would insure all " . . . acci-

dental bodily injury sustained while driving, riding in, leaving or entering any automobile . . . ", and could well include a situation such as a robbery and murder. In the instant case the policy contained not only the requirement that death or bodily injuries be caused by accident, but also that it be caused "solely" by an "automobile accident." Not every "accident" that takes place while riding in the automobile is covered. We believe that the exclusionary clause limits the liability of the insurer whenever there is some relationship, nexus or tie between the injury sustained and the vehicle. The automobile must, in some manner, be involved in the accident, and the mere fact that an accident takes place in or near the automobile does not impose responsibility upon the insurer. For example, in Life and Casualty Ins. Co. of Tennessee v. Barefield, 187 Ark. 676, 61 S.W.2d 698, an insured was struck by a stick thrown by the wheel of a passing automobile. The court found a causal connection between the accident and the injury sufficient to sustain a recovery on the accident policy. On the other hand, not every accident which takes place while riding in, leaving or entering the automobile should be covered by the policy. In Mason v. Celina Mut. Ins. Co., 161 Colo. 442, 423 P.2d 24, where a passenger was killed when a gun accidentally discharged, the Colorado Supreme Court held that the policy did not afford coverage because a causal connection did not exist between the discharge of the gun and the use of the automobile.

Appellant argues that the words "automobile accident" do not limit the means or cause of the accident but only define the place where the accident occurs. Appellant relies on Ripley v. Railway Passengers' Assur. Co., 20 Fed.Cas. No. 11,854, p. 823, as supporting this proposition. In *Ripley* the insured was assaulted and robbed and recovered under a policy which provided for recovery when the injuries

---

1. For an excellent summary of the general principles see Lynch v. National Life and Acc. Ins. Co., Mo.App., 278 S.W.2d 32, by Matthes, J.

were effected by accidental means. *Ripley* does not control this factual situation since there was no exclusionary clause as there is here. We disagree with the appellant's contention on this point. As we construe the exclusionary clause, there must be a relationship between the "accident" and the "automobile" which then gives rise to liability, and the fact that the accident occurs in the "place" is insufficient to impose liability on the insurer. This construction does not, however, limit the exclusionary clause to automobile "collisions," for that word is not used in the contract.

Hence, despite the tragic circumstances, we hold that the provisions of the policy do not include a felonious assault, that the clause is not ambiguous because the words used are plain and, therefore, the amended petition does not state a claim upon which relief can be granted.

The judgment of the Circuit Court is affirmed.

SMITH, P. J., and KELLY, J., concur.