**UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellee,**

v.

**Dennis K. CUMPTON, Linda Cumpton, Jeffrey Gourley, Appellants.**

**Nos. 87–1970, 87–1971.**

United States Court of Appeals, Eighth Circuit.

Submitted April 15, 1988.

Decided May 16, 1988.

Eddie N. Christian, Fort Smith, Ark., for appellants.

Douglas O. Smith, Jr., Fort Smith, Ark., for appellee.

Before McMILLIAN and BOWMAN, Circuit Judges, and FLOYD R. GIBSON, Senior Circuit Judge.

---

PER CURIAM.

Appellants, Dennis K. Cumpton, Linda Cumpton, and Jeffrey Gourley, appeal from an adverse declaratory judgment entered by the District Court[1] for the Western District of Arkansas, 663 F.Supp. 548, declaring that neither Allstate Insurance Company nor appellee, United States Fidelity & Guarantee Company (USF & G) had a duty to defend a lawsuit brought by appellants Dennis and Linda Cumpton against appellant Gourley, and further declaring that neither company had any duty to pay any judgment which might be rendered in that lawsuit.

Appellants have not pursued their appeal against Allstate Insurance Company. They now argue, however, that the judgment of the district court should be overturned as against USF & G because the exclusionary language in its contract was erroneously held to be unambiguous. The occurrence giving rise to the declaratory judgment action was an automobile collision on September 2, 1985, at which time appellant Gourley, driving a vehicle owned by William Sowell, collided with a vehicle owned and driven by appellants Dennis and Linda Cumpton. Allstate Insurance Company was the liability insurance carrier for Gourley. USF & G was the liability insurance carrier for Sowell.

The Allstate policy had a traditional "omnibus clause" which extended its coverage to Gourley when he was driving a non-owned automobile with the permission of the owner. The USF & G policy, in lieu of the traditional "omnibus clause," used a newer format of insurance coverage which provided that liability coverage would not be provided for any person "using a vehicle without a reasonable belief that that person is entitled to do so." Specifically, USF & G's policy provided as follows:

EXCLUSIONS.

A. We do not provide liability coverage for any person ... [u]sing a vehicle without reasonable belief that the person is entitled to do so.

The district court determined that under the circumstances of this case the exclusion of the USF & G policy was unambiguous. The district court therefore, as the trier of fact, had to determine whether or not Gourley believed he was entitled to drive the Sowell vehicle and, if so, whether or not that belief was reasonable. The district court found no evidence that either William Sowell, the owner of the automobile, or his son had ever expressly or impliedly granted Gourley permission to use the automobile. In fact, the court found that Gourley did not even contend that he had permission, but instead took the position that he believed Sowell's son "wouldn't care." The court further found that Gourley could not have had a reasonable belief that he had permission to drive Sowell's vehicle, and therefore was not entitled to coverage under the USF & G policy.

We have examined the briefs and the record and listened to oral arguments; we are convinced that there are no errors of fact or law. The judgment of the district court is affirmed. *See* 8th Cir.Rule 14(1).

---

1. The Honorable H. Franklin Waters, Chief Judge, United States District Court for the Western District of Arkansas.