698 F.Supp. 789 (1988)
Lance DRISKILL, Plaintiff,
v.
AMERICAN FAMILY INSURANCE CO., Defendant/Third-Party Plaintiff,
v.
AETNA CASUALTY & SURETY COMPANY, Third-Party Defendant.
No. 86-1683 C (5).
United States District Court, E.D. Missouri, E.D.
October 21, 1988.
*790 Eugene H. Fahrenkrog, Jr., Larry W. Glenn, Larry W. Glenn, P.C., St. Louis, Mo., for plaintiff.
Gary L. Paul, Brinker, Doyen & Kovacs, Clayton, Mo., for third-party defendant Aetna Cas. & Sur. Co.
Ross Anderson, Clayton, Mo., for third-party defendant Schroeder.
Joseph Leritz, Leritz, Reinert & Duree, St. Louis, Mo., for American Family Ins. Co.

JUDGMENT AND ORDER
LIMBAUGH, District Judge.

A. Introduction
This cause is before the Court on third-party plaintiff's and third-party defendant's cross-motions for summary judgment on the third-party claim for declaratory judgment. The Court is cognizant of the fact that this case has caused a great deal of emotional pain for the families involved. The manner in which the defendant insurance companies have callously aggravated and perpetuated this suffering causes the Court great distress. This case was filed in 1986. Plaintiff filed the claim only because his insurance company refused to pay for his injuries, which it apparently had agreed to do under the policy. Now, two years later, not only has another insurance company been added to the case, but Jeffrey Schroeder has also been cast into the litigation; a fact which could only serve to cause the families more concern. For the last year, American Family and Aetna have done nothing but argue about who should pay for the injuries that plaintiff incurred, entirely ignoring the more human aspects of the case. Meanwhile, the families are forced daily to continue living with this lawsuit, and the resultant malaise that steadily grows to rival the injuries that Lance Driskill has heretofore endured. The Court condemns the actions of the insurance companies which serve only to erode relationships within and between these families. Having voiced its displeasure with the conduct of the defendant insurance companies, the Court now turns to the circumstances that give rise to this cause of action.

B. Factual Statement
On January 22, 1986, fourteen-year-old Lance Driskill was standing in his driveway in the vicinity of his mailbox. Jeffrey Schroeder, a neighbor, was driving a 1978 Toyota Celica. Jeffrey allegedly lost control of the car and hit Lance Driskill, causing Lance to sustain injuries. The car belonged to Jeffrey's parents. Both Jeffrey and his father, Roger Schroeder, stated during the taking of their depositions that Jeffrey did not have permission to drive the car and knew he was not permitted to drive the car. In fact, Jeffrey, fifteen years old, did not even have his driver's license at the time of the accident.
Lance, by and through his mother and next friend Sylvia Driskill, brought this cause of action against his parents' insurance carrier, American Family Insurance Company. Plaintiff alleges that American Family should cover the expenses arising out of the accident because Jeffrey, the driver of the automobile, was an uninsured motorist. In the Driskill's policy with defendant American Family, it provides that American Family will pay damages for bodily injury which an "insured person" is legally entitled to recover from the owner *791 or operator of an uninsured motor vehicle. "Insured person" means the insured or a relative. The policy defines "relative" as a person living in the insured's household, related to the insured by blood, marriage or adoption. Plaintiff maintains that he is an insured person under the policy; he suffered bodily injury as a result of this accident; and the accident involved an uninsured motor vehicle.
After plaintiff filed his action, defendant American Family joined Aetna Surety & Casualty Company as a third-party defendant. Aetna provided insurance coverage to Roger and Patricia Schroeder. American Family maintained that Jeffrey Schroeder was not an uninsured motorist because Jeffrey was insured by Aetna under his parents' plan. Aetna's policy with the Schroeders states that Aetna will pay damages for bodily injury or property damage for which any "covered person" becomes legally responsible because of an auto accident. The policy defines "covered person" as the insured or any family member for the ownership, maintenance or use of any automobile. "Family member" means a person related to the insured by blood, marriage or adoption who is a resident of the insured's household. Thus, American Family contends that Jeffrey, as a family member operating the insured car, was an insured motorist in accordance with Aetna's policy. Aetna should therefore cover the expenses of Lance's injuries, not American Family.
Aetna disagrees. Aetna admits it issued a policy of insurance to Roger and Patricia Schroeder. Aetna maintains, however, that Jeffrey Schroeder was not insured at the time of the incident because Jeffrey fell within the ambit of one of the exclusionary provisions in the policy. That provision states that Aetna does not provide liability coverage for any person using a vehicle without a reasonable belief that the person is entitled to do so. Aetna contends that it is clear from Jeffrey's and his father's deposition testimony that Jeffrey was well aware that he was not entitled to drive the car at the time of the incident involving plaintiff. Aetna concludes that Jeffrey was not insured by Aetna, and therefore he was an uninsured motorist under American Family's policy.

C. Discussion
Pursuant to Federal Rule of Procedure 56(c), a district court may grant a motion for summary judgment if all the information before the Court shows that "there is no genuine issue as to material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Courts have repeatedly recognized that summary judgment is a harsh remedy which the Court should only grant when the moving party has established his right to judgment with such clarity as not to give rise to controversy. New England Mut. Life Ins. Co. v. Null, 554 F.2d 896, 901 (8th Cir.1977). Even though courts do emphasize that summary judgment is an extreme measure, they recognize its beneficial purpose of avoiding useless, expensive and time-consuming trials where there really is nothing for the trier of fact to determine. Lyons v. Bd. of Education of Charleston Reorganized School Dist. No. 1 of Mississippi County, Mo., 523 F.2d 340, 347 (8th Cir.1975).
The standards for determining whether to grant a summary judgment motion are well settled. In passing on a motion for summary judgment, the Court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that can logically be drawn from those facts. Robert Johnson Grain Co. v. Chem. Interchange Co., 541 F.2d 207, 210 (8th Cir. 1976). The fact that both sides may move for summary judgment does not automatically establish that there are no genuine issues of material fact; nor does it establish that either party is entitled to such a judgment. It is left to the Court to reach such a determination based on its review of the information before it. United States v. Porter, 581 F.2d 698, 703 (8th Cir.1978).
With this standard in mind, the Court turns to an examination of the information before it and finds that there is no genuine issue of material fact. Jeffrey Schroeder was fifteen years old. He did not have his *792 driver's license. He was driving his parents' car when the car struck plaintiff. He stated in his deposition that he never sought permission to drive the car, he did not have permission to drive the vehicle, and he knew he was not to drive the car. Moreover, his father stated that he never spoke to his son about driving the vehicle, he did not allow Jeffrey to drive cars, and he had never given Jeffrey permission to operate the car at this time. On January 22, 1986, Jeffrey Schroeder was using the vehicle without a reasonable belief that he was entitled to do so. There being no genuine issue of material fact before the Court, the Court must determine which party is entitled to judgment as a matter of law.
The issue of law that the Court must resolve is whether Aetna's policy of insurance issued to Roger and Patricia Schroeder on the 1978 Toyota Celica afforded coverage to Jeffrey Schroeder on January 22, 1986. More specifically, the issue is whether the exclusionary provision stating that Aetna will not cover any person using a vehicle without a reasonable belief that the person is entitled to do so, applies to exclude those people specifically enumerated as covered by the policy; namely, family members residing in the household.
The Eighth Circuit Court of Appeals, in United States Fidelity and Guaranty Co. v. Cumpton, 846 F.2d 1147 (8th Cir.1988), recently addressed the issue of whether the provision excluding "any person ... [u]sing a vehicle without reasonable belief that a person is entitled to do so" was in and of itself ambiguous. The court held that it was an unambiguous provision. The Eight Circuit, however, did not face the issue of whether this clause in conjunction with a "liability coverage" provision created an ambiguity. More particularly, the court did not address, nor has it previously addressed; the issue of whether a family member, otherwise covered, could be excluded from coverage as a result of this exclusionary provision. This is an issue of first impression in this jurisdiction.
The Court has jurisdiction pursuant to 28 U.S.C. § 1332 because of diversity of citizenship and an amount in controversy exceeding $10,000. Thus, the substantive law of Missouri applies under the circumstances of this case. Under Missouri law, construction of insurance contracts is governed by the same general rules as are applied to the construction of other written contracts. Jordan v. Equitable Life Ins. Co., 486 S.W.2d 664 (Mo.App.1972). As with other consensual undertakings, the insurance contract must be given effect according to the plain terms of the agreement consonant with reasonable expectations, objectives and intent of parties. State Farm Mut. Auto. Ins. Co. v. Universal Underwriters, 594 S.W.2d 950 (Mo.App. 1980).
American Family argues that there is an ambiguity in the Aetna insurance policy when examined in its entirety. It argues that Jeffrey Schroeder is covered as a family member. Even though he may have been operating the car without a reasonable belief that he was entitled to operate it, that exclusion refers to "persons" using the vehicle and does not specifically exclude "family members." American Family maintains that because the Aetna Language creates an ambiguity, the Court must construe the language in favor of the insured, Jeffrey Schroeder.
As a general principle, plain or unambiguous language will be given its ordinary meaning and effect. The need to construe the policy arises only when there is an ambiguity. Robin v. Blue Cross Hosp. Service, Inc., 637 S.W.2d 695 (Mo.1982). Moreover, in the case of an exclusion, when there is no ambiguity, the Court should construe the exclusion to give the insured only that protection which he reasonably has a right to expect. Missouri Terrazzo v. Iowa, 566 F.Supp. 546 (E.D.Mo.), affirmed 740 F.2d 647 (8th Cir.1983). It is the duty of the Court to reconcile conflicting clauses in a policy so far as their language reasonably permits. It is only when reconciliation fails that inconsistent provisions will be construed most favorably to the insured. Bellamy v. Pacific Mut. Life Ins. Co., 651 S.W.2d 490 (Mo.1983).
*793 The Court finds that it can fairly and easily reconcile the two provisions in the policy that American Family contends are in conflict. "Part A" of the policy begins by identifying those people who are covered under the terms of the contract. Under "Liability Coverage" Aetna states it will pay damages for bodily injury or property damage for which any covered person becomes legally responsible because of an auto accident. It then states who is included as "covered persons." This includes, among others, all family members and anyone using the covered auto.
Continuing under "Part A," Aetna then includes a section titled "Exclusions." Under this section, the policy identifies particular situations in which Aetna will not provide coverage. The Court interprets Aetna's policy as covering all of the people falling under "Liability Coverage" unless any of those people fall under one of the exclusions whereby Aetna plainly states it will not provide "Liability Coverage." For instance, under Aetna's policy, even if someone is covered, Aetna will not provide liability coverage for that person if he intentionally causes bodily injury or property damage. Nor will Aetna provide liability coverage for a covered person's ownership, maintenance or use of a motorcycle or any other self-propelled vehicle having less than four wheels. Moreover, as in the present case, Aetna will not provide liability coverage to a person who, although normally covered, is using a vehicle without a reasonable belief that he is entitled to do so.
It is clear to the Court from the wording and placement of the "Liability Coverage" section and the "Exclusions" section that Aetna identified the persons it would cover under the policy, and then stated it would not provide coverage for those identified persons in enumerated circumstances. It would be illogical for the Court to conclude that Aetna's policy expressly excludes people from coverage who were never included in the coverage in the first place.
The Court finds that the "Exclusion" provision in question modifies the group of people that is covered by insurance. Although Jeffrey Schroeder was a family member, he was operating a vehicle without a reasonable belief that he was so entitled. Thus, Aetna did not provide coverage for Jeffrey Schroeder on January 22, 1986.
Accordingly,
IT IS HEREBY ORDERED, ADJUDGED and DECREED that Third-Party Defendant's motion for summary judgment on the third-party claim for declaratory judgment is GRANTED.
IT IS FURTHER ORDERED, ADJUDGED and DECREED that Third-Party Plaintiff's motion for summary judgment on its third-party claim is DENIED.