[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
The plaintiff, Worcester Insurance Company, has brought this action in which it seeks a declaratory judgment that it has no duty to provide coverage, or to defend or indemnify the named defendant, John W. Bacon IV (Bacon), in an action which is presently pending in this court (Docket No. CV 95-58661) to recover damages for personal injuries brought by Mark E. Vaine (Vaine) against Bacon arising out of the operation of Vaine's vehicle by Bacon on August 4, 1993, on Partridge Run Road in Stafford Springs. In the underlying action, Vaine, as the plaintiff in that case, claims that Bacon was covered by an insurance policy issued by the plaintiff, while the insurer has moved for summary judgment in this action, based on Bacon's own deposition testimony, that at the time that Vaine was injured, Bacon was "using [the Vaine vehicle] without a reasonable belief that [Bacon was] entitled to do so", within the meaning of the CT Page 1325 liability coverage exclusion of the policy issued by the plaintiff insurer. Plaintiff's Exhibit B, Worcester Insurance policy number PAU91114, Exclusion A. 8.
Vaine alleges in the original underlying complaint dated July 21, 1995 (¶ 2) that he was "a pedestrian lying in the road of a non-traveled cul-de-sac portion of said Partridge Run Road to the rear of his parked vehicle, a leased Ford Tempo." Paragraph 3 of the complaint as subsequently amended states that Bacon placed the vehicle in reverse and backed it up on such a way as to run over Vaine and that Bacon at that time "was operating said vehicle pursuant to a reasonable belief that he was entitled to do so."
In addition to the foregoing amendment to the complaint Vaine has also submitted in support of his opposition to the motion for summary judgment his response to a request for admission in the underlying complaint (Defendant's Exhibit D) in which he states that although he had no "express permission" to operate the vehicle, he "believed that [Vaine] had authority to allow him to use [it and that] Vaine would not have objected to his use of the vehicle [and that Vaine] would have entitled him to do so for the limited purpose of backing up the vehicle [and that] these beliefs on his part were reasonable." The court has also reviewed the complete transcript of Bacon's deposition consisting of twenty seven pages which has been submitted by both parties and which the plaintiff insurer claims in its brief (p 7) clearly establishes that Bacon "did not have a reasonable belief that he had permission to use the vehicle in question [and that therefore] coverage is excluded under the policy."
Bacon stated in the course of his testimony that he and Vaine were good friends, that they were both socializing and drinking with other friends earlier in the day an that some time after 9:00 p. m. on the evening of August 4, 1993, Vaine drove Bacon and two other members of the group to an isolated cul-de-sac surrounded by woods, known as Partridge Run Road, for the purpose of continuing to pursue those activities. In the course of Vaine's driving of the rental car that evening (which included a trip from the cul-de-sac to a Massachusetts liquor store to get some Southern Comfort to replenish their liquor supply), Vaine told them that the vehicle had been rented by his father but Bacon assumed at the time that it was obtained for Vaine's personal use, and he also stated that he was "pretty scared" about Vaine's erratic driving because he appeared to be in a CT Page 1326 "stealth mode" in that he was passing cars and going around corners without his lights on.
Shortly after 11:00 p. m., Bacon was looking for Vaine but could not find him because the area was in total darkness, and he also observed that the rental car was parked in the middle of the cul-de-sac with its key turned on to play the radio and that the front door was open. In order to find him, he got into the vehicle intending only to turn on the headlights so that he could direct them into the woods, and it was only after he had moved the vehicle a distance of no more than ten feet, that he realized that Vaine had passed out by reason of his advanced stage of intoxication and had been lying on the roadway directly behind the place where the rental car had been parked.
Bacon acknowledged that he had not asked Vaine for permission to drive the car nor had he been given permission to do so, but that he was not planning to drive anywhere else and he believed that he could use the vehicle for the limited purpose of locating Vaine in the woods by using the car's headlights. He stated that he did not think that he had to ask permission to move the car because it would only be for a few feet and he did not believe that any harm would result from his doing so.
The plaintiff's argument in this case seems to be that the court can and should finally and definitively determine the question of coverage in the insurer's favor by treating the deponent's answers as judicial admissions, despite the fact that responses to questions propounded in a deposition are not judicial admissions in and of themselves under § 52-200 of the General Statutes which states that "[w]hen either party in any action has obtained from the other party a disclosure on oath, respecting the matters alleged in any pleading, the disclosure shall not be deemed conclusive, but may be contradicted like any other testimony." A response to a question propounded in a deposition is not a judicial admission and should not be treated as such because "[a]t trial, in open court, the testimony of [the party who has been deposed] may contradict her earlier statement and a question for the jury to decide may then emerge." Esposito v. Wethered, 4 Conn. App. 641, 645 (1985).
It should be noted, however, that although a party's deposition testimony is not conclusive as a judicial admission, it may nevertheless be sufficient to support the entry of summary judgment "in the absence of contradictory competent affidavits CT Page 1327 that establish a genuine issue as to a material fact." Collum v.Chapin, 40 Conn. App. 449, 450 n. 2 (1996). Accordingly, the court will proceed to consider the respective claims of the parties on the question of whether the issue of coverage in the underlying action can be disposed of as a matter of law at this stage of the proceedings by way of a declaratory judgment as claimed by the plaintiff.
The words "using a vehicle without a reasonable belief that the person is entitled to do so" have a plain and unambiguous meaning, namely, "that, in order for there to be coverage, the trier of fact must find that the person using the vehicle believed that he was entitled to do so and that such belief was reasonable." Allstate Ins. Co. v. United States Fidelity Guaranty Co, 663 F. Sup. 548 at 553 (W.D. Ark. 1987). Although our Supreme Court has construed the word "using" within the meaning of the policy exclusion; Aetna Life Casualty Co. v. Bulaong,218 Conn. 51 (1991); and has noted by way of dictum that whether a person was "without a reasonable belief that [he was] entitled to do so" is a factual question; Id. 56; that language in the so-called "entitlement" exclusion has not as yet been construed by an appellate court of this state.
A federal appellate court has noted that this policy provision differs from the traditional "permissive use" clauses in three respects, first, it changes the standard from an objective one (permission) to one that is both objective (reasonableness) and subjective (belief); second, it speaks in terms of "entitlement" rather then "permission"; and third, it shifts the focus from the owner's perspective to that of the driver's. Cooper v. State Farm Mutual Automobile Ins. Co.,849 F.2d 496, 497-98 n. 2 (11th Cir. 1988). Although some courts have rejected the argument that evidence of lack of "permission" is not conclusive of lack of "entitlement", because the latter term is distinct from and broader than permission; Canadian Ins Co v.Ehrlich, 280 Cal.Rptr. 141 (Cal.App. 1991); the court, on a motion for summary judgment, must nevertheless determine whether, under all the facts and circumstances of the particular case, the person operating the vehicle believed that he was entitled to drive the vehicle and that his belief that he could do so was reasonable. U.S. Fidelity Guaranty Co. v. Cumpton,846 F.2d 1147 (8th Cir. 1988).
Under the rather unique, if not bizarre, circumstances of this case, as alleged in the pleadings and the response to the CT Page 1328 request for admissions in the underlying action, and as reflected in Bacon's uncontradicted deposition testimony, the "use" of the vehicle in question was unusually restricted in terms of time and space, and was prompted by Bacon's concern about Vaine's intoxicated condition and its reasonably foreseeable consequences, rather than by any considerations of personal benefit that he might derive from the contemplated use. The factual situation then existing, viewed objectively, was that Vaine, the apparent possessor of the vehicle and the only one present who had the authority to do so, was in fact physically unable at the time to give either "permission" or "entitlement" to the use that Bacon intended to make of the vehicle at the time and place in question, and that, viewed subjectively, Bacon had a reasonable concern, based upon his earlier observations of Vaine's dangerously erratic driving and advanced state of intoxication, that he may have wandered off into the woods.
It is instructive to compare the facts of this case with those presented to the federal court in the course of a bench trial of a declaratory judgment action based on the same policy provision in which the court concluded, after applying the more restrictive objective standard, that the insurance policy issued on the vehicle excluded coverage because it had been used by the tortfeasor "without a reasonable belief" that he was "entitled to do so." See Allstate Ins. Co v. United States Fidelity GuarantyCo., supra, 663 F. Sup. 554. The facts in the two cases are superficially similar only in the sense that the court noted that "the evidence proves, unequivocally, if nothing else, that young men often make incredibly bad choices, especially when drinking." Id. 549.
The court concluded in that case that coverage was excluded where the driver secretly took a vehicle belonging to his friend's father in the middle of the night after consuming several beers and drove it eighty miles before he rear-ended another vehicle. Id. 551. He never testified or claimed that he was entitled to drive the vehicle, the testimony was conflicting as to how he obtained the keys to the vehicle, and the only explanation that he offered at the trial for his actions was that he did not think that either his friend or his friend's father, who owned the vehicle, would care if he did so Id. 554.
The court concludes on the basis of the submissions of the parties, including the pleadings and the deposition testimony, that under the facts and circumstances of this case "the ultimate CT Page 1329 question is one of the state of mind of the operator", which is clearly a factual issue to be determined by the trier of fact. See Aetna Casualty Surety Co. v. Nationwide Mutual Ins. Co.,392 S.E.2d 377, 379 (N.C. 1990). Where motive, intent, consciousness or subjective reactions are involved, summary judgment is generally inappropriate; 73 Am.Jur.2d, Summary Judgment § 4, p. 26 (citing United Oil Co. v. UrbanRedevelopment Commission, 158 Conn. 364, 376 (1969))"; and trial by affidavit or deposition should not be a substitute for a trial in open court because it is only when the witnesses are present and subject to cross-examination that their credibility and the weight to be given their testimony can be appraised. Poller v.Columbia Broadcasting Systems, Inc., 368 U.S. 464, 473 (1962).
For the foregoing reasons, the plaintiff's Motion for Summary Judgment is denied.
Hammer, J.T.R.