[No. 104-40579-1.     Division One.     May 4, 1970.]
Panel 2

CECIL L. BEEDLE, *Respondent,* v. GENERAL INVESTMENT COMPANY, *Appellant.*

*McLean, Klingberg & Houston* and *Judson T. Klingberg,* for appellant.

*John R. Lewis,* for respondent.

UTTER, J.—Cecil L. Beedle, a construction superintendent, brought this action against General Investment Company, a partnership consisting of a father and son and their wives, to determine the amount of a bonus allegedly due Beedle under a contract between Beedle and General Investment.

General Investment contends the contract was ambiguous and that parol evidence should have been admitted to explain the intent of the parties and to interpret the contract. It also claims the court erred in rejecting testimony of certain alleged admissions made by Beedle and in allowing interest on Beedle's claim from June 30, 1966.

The claim for the bonus arose from services rendered by Beedle in construction of housing units at McChord Air Base for General Investment. An employment agreement was originally drafted by E. W. Lutz, one of the partners, to cover the agreement of the parties in construction of a housing project at Ellensburg.[1]

---

[1] "WHEREAS, the Builder has entered into a contract with the Central Washington State College for the construction of a housing project at Ellensburg, Washington, consisting of fifty housing units, and known as HHFA Project CH WASH-48 (DS) UNIT C;

"Now, THEREFORE, in consideration of the sums paid and to be paid and the covenants and agreements hereby entered into, it is mutually agreed as follows:

"1. The Builder hereby employs Superintendent to supervise the construction of the work covered under the contract and agrees to pay him as compensation therefor a salary of Two Hundred Dollars ($200.00) per week, plus a bonus consisting of a portion of the net profits from said contract computed as follows:

The employment agreement required proof of two conditions precedent before it could apply to the McChord job. The first sentence of paragraph 2 required a mutual agreement that the terms of the employment agreement apply to the McChord job. The testimony is uncontroverted that there was such a mutual agreement. It next required a determination of estimated net profits and the actual net profits on the job. The parties stipulated to the admission of exhibit 2 containing these figures. Lutz does not contend that because evidence was needed to establish these matters, parol evidence may be admitted to interpret the entire employment agreement.

The court questioned counsel for Lutz regarding his position and the following colloquy took place:

The Court: Are you contending there is a separate and side agreement from the written contract? Counsel: No, no. I am not contending there was a side agreement not incorporated in the contract. No. The Court: You are saying that everything was incorporated in the contract? Counsel: That is right.

It appears from this that both parties intended the employment agreement be the final integrated agreement of the parties.

In summarizing the parol evidence rule, it was stated at 3 A. Corbin, Contracts § 573 (1960) at 368:

(a) One-half of the net profits over and above Ten Thousand Dollars ($10,000.00).
(b) Net profits as used herein shall mean the amount left over after deducting from the gross receipts the following:
(1) All construction costs.
(2) All bidding expenses for this job and any other work.
(3) Interest on operating capital at 6% per annum.
(4) Reasonable supervision charge by Builder, not to exceed $1000.00, plus travel expenses.

"2. By mutual agreement the terms of this agreement may extend to and cover any additional contracts in which Builder may engage; provided, however, that the bonus or additional compensation to be paid Superintendent in connection with such contracts shall not exceed fifty per cent of the amount over one-half of the estimated net profits to be derived therefrom. Said estimate of net profits shall be the amount used in preparing the bid or bids for the contracts."

All the cases may indeed be accepted as precedents for the proposition that if the parties have stated the terms of their contract in the form of a complete written integration, it cannot be varied or contradicted by proof of antecedent negotiations and agreements. This is a mere statement of the obvious. There is no need to support it by a thousand citations.

See also *Heath Northwest, Inc. v. Peterson*, 67 Wn.2d 582, 408 P.2d 896 (1965).

There are cases in our state indicating the court may examine the circumstances surrounding the execution of a writing as an aid to its interpretation, even though the writing is, on its face, unambiguous. Others indicate the court will not look beyond the four corners of a contract writing unless what appears within those four corners is ambiguous.[2] It is unnecessary for us to resolve this conflict. If the "surrounding circumstance" rule is the correct one, the court did not err.

■ The trial court, citing *Becker v. Lagerquist Bros., Inc.*, 55 Wn.2d 425, 348 P.2d 423 (1960) and *Barber v. Rochester*, 52 Wn.2d 691, 328 P.2d 711 (1958), indicated it would hear all of the evidence of the parties to determine whether the employment agreement of the parties incorporated their complete understanding. After hearing the entire testimony of both parties regarding matters leading up to and the circumstances of the execution of the employment agreement, the court then rendered its opinion, finding the employment agreement to be unambiguous.

The employment agreement was clearly the integrated agreement of the parties. The trial court determined there was no ambiguity after considering the operative uses of the language and the circumstances prior to and contem-

[2]See Shattuck, *Contracts In Washington*, 1937-1957: Part II, 34 Wash. L. Rev. 345, 377-85; 5 R. Meisenholder Wash. Prac. § 121 at 125-133, and cases and authorities cited therein. The authors of these works favor the "surrounding circumstance" rule. Although the court in *Dennis v. Southworth*, 2 Wn. App. 115, 120, 467 P.2d 330 (1970) used language which could be said to favor the "four corners" approach, that language was not necessary to the holding. The case was disposed of on the basis of an ambiguity appearing on the face of the document.

poraneous with the making of the integrated agreement. The consideration of parol evidence of the subjective intent of a party to the contract would have been improper under these circumstances. Restatement of Contracts § 237 (1932).

Evidence established the estimated profit on the Mc-Chord project was $73,512 and the actual profit was $36,148.70. The trial court found, in applying the agreed figures to the terms of the employment agreement, that the first paragraph of the employment agreement set the guide that determined Beedle should receive the sum of $13,074.35 for services rendered. The court found the second paragraph of the employment agreement set a ceiling as to how much the plaintiff would be entitled to receive, determined the sum due under the formula did not exceed the ceiling imposed in the second paragraph, and ordered judgment for Beedle in the sum of $13,074.35 plus interest at 6 per cent from the 30th day of June, 1966, until paid, plus costs.

█ Although a finding of the court indicated the parties agreed the employment agreement was unambiguous, the court, in a memorandum opinion, stated it would find the employment agreement unambiguous even in the absence of agreement of counsel. To the extent that the oral or memorandum opinion of the trial court does not contradict the findings of fact of the trial court, it may be used to explain or interpret those findings. *Ferree v. Doric Co.*, 62 Wn.2d 561, 383 P.2d 900 (1963). In any event, the determination of the question of ambiguity is a matter of law, not a question of fact, and is, in the last analysis, for the appellate court to determine. *State Bank v. Phillips*, 11 Wn.2d 483, 119 P.2d 664 (1941). If the court is restricted to looking only to the four corners of the contract writing, we would agree there is no ambiguity and the proper result was reached.

Lutz next contends the trial court erred in refusing to admit a document and certain oral statements of Beedle into evidence, claiming these were oral and written admissions. The alleged admissions occurred long after the em-

ployment agreement had been drawn and the work performed, at a meeting between Lutz and Beedle. Beedle's purpose in attending the meeting was to arrive at a settlement of the differences of the parties. The document and oral statements were offered to show the intent of the parties regarding interpretation of the agreement. They cannot be considered inasmuch as there was no ambiguity and no need for interpretation. The document and statements, in the light of our earlier ruling, are barred by the parol evidence rule.

Lutz finally contends the trial court erred in allowing interest from June 30, 1966, the date the project was accepted by the government. He argues Beedle had the burden of showing when the bonus was to be paid under the contract and when, if at all, the claim became liquidated. He claims inasmuch as there was no testimony in the record concerning these matters, interest should be denied. We agree.

■ Where the amount claimed is "liquidated," interest thereon as damages is allowed as a matter of right. C. McCormick, Damages 213, § 64 (1935). In *Mall Tool Co. v. Far West Equip. Co.*, 45 Wn.2d 158, 273 P.2d 652 (1954), the Supreme Court quoted with approval from McCormick, *supra*, that:

> "A claim is liquidated if the evidence furnishes data which, if believed, makes it possible to compute the amount with exactness, without reliance upon opinion or discretion. Examples are claims upon promises to pay a fixed sum, claims for money had and received, claims for money paid out, and claims for goods or services to be paid for at an agreed rate.

Beedle argues that, as the McChord job was a government job with an affidavit stating all bills had been paid at the time of government acceptance, the amount of net profit was known, and it was mere computation to ascertain the bonus at that time. This made the claim liquidated. If Beedle's contentions were supported by the record, we would agree the present claim could be considered liquidated; however, the plaintiff has the burden of establishing that

he is entitled to damages. C. McCormick, Damages 53, § 14 (1935). *Shay v. Parkhurst,* 38 Wn.2d 341, 229 P.2d 510 (1951). We find nothing in the record verifying the facts asserted in the brief to establish the liquidated nature of Beedle's claim. Having failed to satisfy his burden of proof as to this item of damages, Beedle's claim for interest from June 30, 1966, must be denied.

The judgment of the trial court is affirmed as modified by the deletion of the award of interest prior to the entry of judgment by the trial court.

HOROWITZ, A. C. J., and WILLIAMS, J., concur.