Emmett J. Schnepp, J.
Plaintiffs seek to recover damages for personal injuries sustained by plaintiff, Mary Tickner, resulting from an assault by a fellow passenger while she was riding in a bus operated by defendants. It is claimed that the defendants were negligent in failing to anticipate the assaultive conduct and prevent the injuries, after the operator had reasonable notice that such an assault would occur. As an affirmative defense defendants allege that the cause of action does not come within the exceptions as defined in section 671 of the New York Comprehensive Automobile Insurance Reparations Act. Before the court is a motion to dismiss this defense as irrelevant as a matter of law.
The question for determination is whether the alleged personal injuries arose "out of the use or operation” of the motor vehicle within the meaning of section 672 (subd 1, par a) of the Insurance Láw. The designed purpose of the use or activity was not the proximate cause of the injury sustained and the vehicle was not being used at that time within the meaning of the no-fault insurance law (McConnell v Fireman’s Fund Amer. Ins. Corp., 49 AD2d 676).
No harm to the plaintiffs would have resulted merely from the use of the bus as a common carrier, were it not for the assault, which act constituted an intervening cause, for which defendants may be held liable. The injury resulted from the alleged independent negligence of the defendants in not preventing the assault, which was incidental to and not a natural and probable consequence of the function of the motor vehicle.
Accordingly, the motion is granted.