OPINION OF THE COURT
Arthur S. Hirsch, J.
Respondent, Willie Gholson, seeking no-fault benefits for an incident which occurred on a bus driven by him, served a demand for arbitration dated March 4, 1978. Petitioner Manhattan and Bronx Surface Transit Operating Authority (Authority) moves for an order staying arbitration between the respondent and the Authority.
The facts of the incident are not in dispute. Gholson, employed by petitioner as a bus operator, received his injuries when he was attacked with a knife wielded by an irate passenger who was angered because respondent driver would not permit his assailant to alight from the bus at a place other than an authorized bus stop.
Respondent contends that he is a "covered person” as *658 defined in subdivision 10 of section 671 of the Insurance Law which, in effect, extends no-fault coverage to an owner, operator or occupant of a motor vehicle injured through the "use or operation” of said vehicle.
The court believes the facts in this case to be unique, presenting an issue of first impression, despite the petitioner’s references and citations of a number of recent cases similar only in that they involved assaulted bus riders, for the most part passengers (Tickner v Rochester-Genesee Regional Transp. Auth., 87 Misc 2d 703; MABSTOA v Greenaway, NYLJ, Oct. 14, 1977, p 13, col 2; New York City Tr. Auth. v Weiner, Supreme Ct, Kings County, Special Term, Part I, Index, No. 8429/76, July 6, 1976; Amins v Government Employees Ins. Co., NYLJ, June 8, 1976, p 13, col 1; New York City Tr. Auth. v Davilla, Supreme Ct, Kings County, Special Term, Part I, Index No. 1416/76, March 8, 1976) and, in one case, a bus driver who was struck by a rock thrown through an open window (New York Tr. Auth. v Cole, Supreme Ct, Kings County, Special Term, Part I, June 20, 1978, Pino, J.). None of the persons in the above-cited cases were permitted relief under no-fault coverage as none could successfully prove that there was a nexus between their injury and the "use or operation” of the vehicle. In each case, they merely happened to be in the bus when the injurious incident occurred.
In the instant case, the respondent contends that his injury, directly resulting from his refusal to open the door at a nonbus stop area, must be considered as part of his performance while operating the bus. He notes that the New York State Workers’ Compensation Board, in a proceeding based on the bus assault incident, found that the injuries sustained by respondent were not incidental to his employment, but rather were sustained because of the activity of his employment. Thus, respondent maintains, it is apparent he was injured in the "operation” of the bus.
While respondent’s argument presents an additive to the assaulted passenger cases, it does not affect that which is the determinative issue in this case: the Legislature’s intent in the promulgation of the so-called "no-fault law.” Clearly, the State sought to offer protection and compensation to those persons physically injured in a motor vehicle accident not contingent on a fault factor (see Montgomery v Daniels, 38 NY2d 41 for an in-depth analysis of the Comprehensive Automobile Insurance Reparations Act; Insurance Law, art 18). The term motor *659 vehicle accident is not an enigmatic one. The words evoke an image of one or more vehicles in a forceful contact with another vehicle or a person, causing physical injury. The situation which occurred in the instant matter does not, by any stretch of the imagination fit this image. The court does not believe the Legislature contemplated stretching the concept of a "motor vehicle accident” to include an assault of a person who happens to be in a motor vehicle. Legal recourse other than the no-fault compensation law must be sought.
Accordingly, petitioner’s motion to permanently stay arbitration is granted.