■ In the Matter of the Arbitration between MANHATTAN & BRONX SURFACE TRANSIT OPERATING AUTHORITY, Respondent, and WILLIE GHOLSON, Appellant.—In a proceeding to stay arbitration of a no-fault insurance claim, the appeal is from a judgment of the Supreme Court, Kings County, dated March 13, 1979, which granted petitioner's application to permanently stay arbitration. Judgment affirmed, with $50 costs and disbursements. The appellant was injured when, in the course of his duties as a bus driver, he was stabbed by a passenger whom he refused to discharge from the bus at a location other than a designated bus stop. In an effort to collect first-party no-fault insurance benefits, the appellant demanded arbitration. He appeals from a judgment which permanently stayed arbitration of his no-fault claim. First-party no-fault benefits are available to "reimburse a person for basic economic loss on account of personal injury arising out of the use or operation of a motor vehicle" (Insurance Law, § 671, subd 2). At issue is whether the appellant was injured as a result of the "use or operation" of a motor vehicle. There is no question that the use of a bus entails the discharge of passengers at designated locations, and that the

appellant was injured while he was operating a bus. However, these factors are insufficient to establish that the injury resulted from the use or operation of a motor vehicle as contemplated by the no-fault provisions of the Insurance Law. Three rules have been formulated to determine an insurer's liability under standard automobile liability policies. These rules are that: " '1. The accident must have arisen out of the inherent nature of the automobile, as such; 2. The accident must have arisen within the natural territorial limits of an automobile, and the accidental use, loading, or unloading must not have terminated; 3. The automobile must not merely contribute to cause the condition which produces the injury, but must, itself, produce the injury.' " *(Goetz v General Acc. Fire & Life Assur. Corp.,* 47 Misc 2d 67, 69, citing 7 Appleman, Insurance Law and Practice, § 4317, affd without opn 26 AD2d 635, affd without opn 19 NY2d 762.) These rules are equally applicable to the determination of no-fault insurance coverage (cf. *Amins v Government Employees Ins. Co.,* NYLJ, June 8, 1976, p 13, col 1), and when so applied, it is plain that the appellant is not entitled to first-party benefits. The appellant was not injured by the bus or an appurtenance thereof. Although the refusal to use the bus in an unauthorized manner may have been a motivating factor in precipitating the assault, contrary to principles one and three above, the injury neither arose from the intrinsic nature of the bus, as such, nor did the bus, itself, produce the injury. Regardless of whether injuries arise out of the performance of one's duties as an operator of a motor vehicle, first-party no-fault insurance benefits are available only when a motor vehicle, by its use or operation, is the actual instrumentality which produces the injuries. This requirement, that the vehicle itself actually produces injury, reflects the limitation of no-fault insurance to automobile torts as distinguished from the other types of tort. Here the injury resulted from a knife-wielding passenger and the appellant's operation of the bus was largely incidental. The assault may not be characterized as a motor vehicle tort as contemplated by the no-fault insurance law. It was therefore proper to stay arbitration of appellant's no-fault claim. O'Connor, J. P., Lazer, Rabin and Gulotta, JJ., concur. [98 Misc 2d 657.]