OPINION OF THE COURT
Per Curiam.
Order entered November 19, 1984 (Silver, J.) affirmed, without costs.
Plaintiffs hired defendant’s van for transportation to Kennedy Airport and allegedly suffered heat prostration and dehydration due to the failure of the air conditioning in the van. Defendant moved for summary judgment dismissing the action, alleging that plaintiffs’ claimed damages for pain and suffering arose out of the "use or operation” of a motor vehicle (Insurance Law § 5103 [a] [1]) and no "serious injury” had been sustained (Insurance Law § 5102 [d]). Special Term held that the No-Fault Law (Insurance Law art 51) does not apply in the circumstances presented, and we affirm. While the word "accident” does not appear in the operative language of the No-Fault Law, it has been held that the statute "was adopted by the Legislature to correct certain infirmities recognized to exist under the common-law tort system of compensating automobile accident claimants” (Licari v Elliott, 57 NY2d 230, 234; emphasis supplied; Montgomery v Daniels, 38 *242 NY2d 41, 49-53; State Farm Mut. Auto. Ins. Cos. v Brooks, 78 AD2d 456, 458, and cases cited therein). The statute "is to be strictly construed to avoid abrogating the common law beyond the clear impact of the statutory language” (Maxwell v State Farm Mut. Auto. Ins. Co., 92 AD2d 1049,1050).
No accident occurred here. There was no collision, explosion or other catastrophic event identifiable in a specific point or period of time. Nor can it reasonably be argued that the injuries arose from the intrinsic nature of the vehicle itself (Matter of Manhattan & Bronx Surface Tr. Operating Auth. [Gholson], 71 AD2d 1004, affg 98 Misc 2d 657; compare, Johnson v Hartford Ins. Co., 100 Misc 2d 367). This is simply a case where plaintiffs claim that they hired defendant’s van because air conditioning was advertised and "the driver failed to warn us that the air conditioning was not working”. The terse pro se complaint, written on a form provided by the court, should be construed as alleging a breach of contract theory. The case may proceed on that basis, without reference to a statute which addresses the compensation to be paid victims of motor vehicle accidents. Plaintiffs’ damages, of course, remain the subject of competent proof.
Hughes, J. P., Riccobono and Sandifer, JJ., concur.