[No. 7361-7-II.   Division Two.   April 16, 1986.]

FARMERS INSURANCE COMPANY OF WASHINGTON, *Respondent,* v. DENNIS GRELIS, *Appellant.*

476

*David B. Vail,* for appellant.

*Patricia C. Fetterly* and *Davies Pearson, P.C.,* for respondent.

ALEXANDER, J.—Dennis Grelis appeals from an order granting summary judgment in a declaratory judgment action in favor of Farmers Insurance Company of Washington. We affirm.

The material facts of this case are not in dispute. On January 31, 1982 Dennis Grelis was employed by Western Airlines as a flight attendant and was based in Los Angeles. In the late evening hours on that date, he returned to Los Angeles International Airport from a pleasure trip to Seattle. Grelis planned to meet a fellow airline steward early the next morning at a hotel in the vicinity of the airport. Because he had several hours to wait for the meeting, he decided to go for a drive in his van, which had been parked in the airport's parking lot. About 11 p.m. he stopped his van on the side of Santa Monica Boulevard and sat inside reading flight schedules. After about 10 minutes, a man unknown to Grelis tapped on the van's window and asked for a ride. Grelis invited the man in, notwithstanding the fact that he appeared to Grelis to be under the influence of drugs. After the stranger entered the van, he and Grelis talked for awhile. At a point in the conversation, Grelis entered the backseat of his van to put some papers

away in his flight bag. Soon thereafter, the stranger, who was seated in the front passenger seat, pulled a knife on Grelis and demanded money. Grelis gave him approximately $30. Grelis claims that during the course of the robbery, his assailant tripped on a part of the front seat of the van, which caused him to lunge forward and stab Grelis, who was still seated in the backseat. Up to that point, the van's ignition was off and the van was not moving. After the stabbing, the robber ordered Grelis to drive away. Grelis complied but was only able to drive two blocks before passing out. The robber fled and was never apprehended.

Farmers Insurance Company of Washington had issued a policy of automobile insurance to Grelis that covered his van. Included in this policy is a personal injury protection provision that states that Farmers will provide the benefits described in the policy, "for injury to each *insured person* caused by an *automobile accident.*"

Grelis made a claim for benefits under the policy for medical expenses and lost income that he claimed he suffered as a result of the stabbing. Farmers denied coverage, contending that the stabbing injury was not caused by an automobile accident. Farmers subsequently commenced an action in Pierce County Superior Court seeking a declaration that no coverage existed for Grelis's injury. Farmers moved for summary judgment, and the Superior Court granted the motion. Grelis appealed that order to this court.

■ Grelis argues that the term "automobile accident" is ambiguous and, therefore, must be construed against the insurance company. The determination of whether a contract is ambiguous is a question of law, which the appellate court independently reviews. *Beedle v. General Inv. Co.,* 2 Wn. App. 594, 469 P.2d 233 (1970).

Neither party disputes the fact that Grelis's injuries were the result of an accident. Accident is defined on page 1 of the policy as "a sudden event . . . resulting in bodily injury neither expected nor intended by the insured person." The definition of accident is easily met by the facts of this case.

The issue here, however, is whether the word "accident" is ambiguous when modified by the word "automobile."

■ To resolve that question, we consider the general principles relating to the interpretation of insurance policies. It is fundamental that language of insurance policies is to be interpreted as it would be understood by the average person. *Dairyland Ins. Co. v. Ward,* 83 Wn.2d 353, 358, 517 P.2d 966 (1974). If a term in an insurance policy is ambiguous, the policy must be construed against the insurer and in favor of the insured. *McDonald Indus., Inc. v. Rollins Leasing Corp.,* 95 Wn.2d 909, 631 P.2d 947 (1981). A term is considered ambiguous "when, on its face, it is fairly susceptible to two different interpretations, both of which are reasonable." *Morgan v. Prudential Ins. Co. of Am.,* 86 Wn.2d 432, 435, 545 P.2d 1193 (1976).

■ Here, the words "automobile accident" are not ambiguous. It would require a strained interpretation of the words to find an ambiguity. In our judgment, the average person would not consider the stabbing incident in Grelis's parked van as an "automobile accident." Rather, we believe the average person would probably say only that Grelis was stabbed while sitting in his automobile. At least one court from another jurisdiction agrees that the similar term "motor vehicle accident" is not ambiguous. That court concluded:

> The term motor vehicle accident is not an enigmatic one. The words evoke an image of one or more vehicles in a forceful contact with another vehicle or a person, causing physical injury.

*Manhattan & Bronx Surface Transit Operating Auth. v. Gholson,* 98 Misc. 2d 657, 658–59, 414 N.Y.S.2d 489, 490, aff'd, 71 A.D.2d 1004, 420 N.Y.S.2d 298 (1979). Here, Grelis's injuries were caused by the robbery. The fact that the van seats were incidentally involved does not convert this incident into an "automobile accident."

Grelis argues, however, that the policy definition of "injured person" gives a broader meaning to the term "automobile accident" and, thus, brings him, by implica-

tion, within the personal injury protection of the policy. An "injured person" is defined in the policy as "an insured person who is injured by accident while occupying or being struck by an automobile." This language, however, does not broaden the scope of coverage defined in the policy under the part 1, coverage D, which provides:

We will provide the benefits described below for injury to each *insured person* caused by an *automobile accident.*

Neither is the phrase "while occupying" inconsistent with the phrase "caused by an automobile accident" because a person could be "occupying" an automobile at the time an automobile accident occurs.

Both parties cite numerous cases construing the words "arising out of the ownership, maintenance, or use of the owned automobile," a phrase which is common in many insurance policies. We find that the analysis of this phrase is of no value because that language does not appear in the endorsement in question.[1] *See* 6B J. Appleman, *Insurance* § 4317 (1979) ("The words 'arising out of' . . . are of broader significance than the words 'caused by' . . ."). *See also State Farm Mut. Auto. Ins. Co. v. Centennial Ins. Co.,* 14 Wn. App. 541, 543, 543 P.2d 645 (1975).

We affirm.

WORSWICK, C.J., and GREEN, J., concur.

---

[1] Grelis concedes on page 10 of his brief that the cases construing policies with a phrase such as "arises out of the use of an automobile" are not applicable to this case because the endorsement in question did not contain such language. Nevertheless, he argues from these cases that if there is a causal link between the use of the vehicle and the accident causing the injury, there is coverage. He appears to reason that because Grelis was stabbed by the intruder who tripped as he moved between the seats of the van, this is an injury arising out of the "use" of the vehicle and there should be coverage.