JEROME J. KESSLER, Plaintiff, v LIBERTY MUTUAL INSURANCE COMPANY, Defendant.

Supreme Court, Cayuga County, February 8, 1989

APPEARANCES OF COUNSEL

*Lee S. Michaels, P. C.,* for plaintiff. *Pinsky & Skandalis* for defendant.

**OPINION OF THE COURT**

PETER E. CORNING, J.

Plaintiff Kessler moves for summary judgment in connection with a cause of action for no-fault benefits under the New York State Insurance Law as a result of injuries suffered while loading hay on a motor vehicle.

Defendant opposes the plaintiff's request for summary judgment and cross-claims and moves for summary judgment alleging that no-fault benefits are not available as a matter of law. The matter was heard before this court on February 2, 1988 at which time the court reserved decision.

The parties are in agreement that there are no material

issues of fact to be decided. It is conceded that the plaintiff was injured while loading hay on a flat-bed truck when the hay bale injured his leg. The no-fault benefits were denied and plaintiff brings a cause of action for benefits under the Insurance Law.

Plaintiff's vehicle was insured on the date of the accident by Liberty Mutual Insurance Company. The policy insured plaintiff against basic economic loss for injuries, caused by an accident arising out of the use or operation of a motor vehicle. Included within the policy definition of "use or operation" of a motor vehicle is "the loading or unloading of such vehicle". It is this clause that gives rise to the present dispute.

Plaintiff's motion relies largely on the definition of "use or operation" of a motor vehicle as it was defined by pre-"no-fault" case law. If the interpretation of the pre-no-fault case law is applied to the instant case, the court would rule that plaintiff was insured under the circumstances and was entitled to benefits.

It appears, however, that no-fault benefits must be determined by applying the *"Gholson"* test as set out in *Matter of Manhattan & Bronx Surface Tr. Operating Auth. (Gholson)* (71 AD2d 1004).

Those tests are as follows:

1. The accident must have arisen out of the inherent nature of the automobile, as such;

2. The accident must have arisen within the natural, territorial limits of an automobile, and the accidental use, loading, or unloading must not have terminated;

3. The automobile must not merely contribute to cause the condition which produces the injury, but must, itself, produce the injury.

Applying the *Gholson* test to the instant case results in the conclusion that plaintiff is not entitled to no-fault benefits. Clearly, plaintiff's injuries were not caused by the automobile, but by the hay bale. Therefore, since the third prong of the *Gholson* test has not been met (i.e., the automobile itself did not produce the injury), the plaintiff is not entitled to recover.

Accordingly, plaintiff's motion for summary judgment is hereby denied and defendant's motion for summary judgment is hereby granted.