(819 P.2d 1233)

No. 66,014 ∎

ALLIED MUTUAL INSURANCE COMPANY, *Appellee,* v. SHAWN PAT-
RICK, CURTIS PATRICK, BARBARA PATRICK, DAVID PALMER,
NANCY J. PALMER, and DAVID HOWARD PALMER, *Appellants.*

Opinion filed June 28, 1991.

*Bruce C. Barry,* of Bengtson, Waters & Barry, Chtd., of Junction City, for appellants Patrick.

*Bruce W. Kent,* of Barta, Kent & Sheahon, Chtd., of Salina, for appellants Palmer.

*R. Michael Steele,* of Sherman, Wickens & Lysaught, P.C., of Leawood, for appellee.

Before BRISCOE, P.J., BRAZIL and RULON, JJ.

RULON, J.: Shawn Patrick, Curtis Patrick, Barbara Patrick, David Palmer, Nancy J. Palmer, and David Howard Palmer, defendants, appeal a declaratory judgment in favor of Allied Mutual Insurance Company (Allied), plaintiff, in which the district court held that Allied has no duty to provide coverage or duty

to defend under an automobile insurance policy issued by it. We affirm.

In November 1989, defendants Palmer filed suit against defendants Patrick alleging that Shawn Patrick sexually molested David Howard Palmer on several occasions. The essential portion of the Palmers' petition alleged that Shawn Patrick took David Howard Palmer on a shopping trip to Hays, Kansas, and "that while on said shopping trip David Howard Palmer was negligently touched and harmed by Shawn Patrick; that said negligent touching consisted of Shawn Patrick sexually molesting said David Howard Palmer." The petition further alleged that Curtis and Barbara Patrick knew or should have known of Shawn's propensity toward sexually molesting boys, and that they were negligent in allowing Shawn to take David on the shopping trip in their car.

This case arose when Allied filed a petition for declaratory judgment against both the Patricks and the Palmers. Allied had issued an automobile policy to the Patricks, and the Patricks demanded that Allied defend and indemnify them in the action filed by the Palmers. Allied sought a determination from the district court that Allied had no duty to defend or indemnify the Patricks.

The district court found that Allied had no duty to defend or indemnify the Patricks because, even assuming that there could be such a thing as a negligent sexual molestation, there was no coverage because the injury did not arise out of "an auto accident." The court further held: "Whatever else a negligent sexual molestation may be, it is not in plain, ordinary and popular sense an automobile accident."

We understand the parties agree that the incident in question took place in an automobile covered by the insurance policy issued by Allied, and that Shawn, Curtis, and Barbara Patrick are all potential insureds under the policy.

The policy contains the following provisions:

"We will pay damages for 'bodily injury' or 'property damage' for which any 'insured' becomes legally responsible because of an auto accident. . . .

" 'Insured' as used in this Part means:

"1. You or any 'family member' for the ownership, maintenance or use, including loading and unloading, of any auto or 'trailer.'

. . . .

"We do not provide Liability Coverage for any person:
"1. Who intentionally causes 'bodily injury' or 'property damage.' "

The district court's basis for deciding this case was that the injury to David Howard Palmer did not arise from an "automobile accident." The term "auto accident" is not defined in the policy. There are apparently no Kansas cases which have interpreted this term. The Patricks rely on various Kansas cases which state the general rules of insurance contract construction: *Baugher v. Hartford Fire Ins. Co.*, 214 Kan. 891, 522 P.2d 401 (1974) (the insurer has an affirmative duty to define coverage limitations in clear and explicit terms); *Scott v. Keever*, 212 Kan. 719, 512 P.2d 346 (1973) (insurance contracts must be considered as a whole); *Farm Bureau Mut. Ins. Co. v. Winters*, 14 Kan. App. 2d 623, 797 P.2d 885 (1990) (contract terms should be read as a reasonable person in the insured's position would have understood them); *United States Fidelity & Guar. Co. v. Farm Bureau Mut. Ins. Co.*, 2 Kan. App. 2d 580, 584 P.2d 1264 (1978) (coverage clauses in automobile insurance policies are to be interpreted broadly, while exclusionary clauses are to be interpreted narrowly).

This court recently defined "accident" as "an undesigned, sudden, and unexpected event, usually of an afflictive or unfortunate character, and often accompanied by a manifestation of force." *Whitaker v. State Farm Mut. Auto. Ins. Co.*, 13 Kan. App. 2d 279, Syl. ¶ 3, 768 P.2d 320 (1989).

Even if we assume that an accident did occur, the question remains whether it was an "auto" accident. The district court held that the word "auto" modified the word "accident," and we believe this is a grammatically correct interpretation. *Farm Bureau Mut. Ins. Co. v. Evans*, 7 Kan. App. 2d 60, 637 P.2d 491 (1981), *rev. denied* 231 Kan. 800 (1982), is persuasive authority for the proposition that an incident is not an automobile accident merely because it occurs in an automobile. Furthermore, our review of the record on appeal demonstrates no causal connection between Shawn and David's presence in the automobile and the alleged unfortunate injury to David.

The Palmers rely on *Haser v. Maryland Casualty Co.*, 78 N.D. 893, 53 N.W.2d 508 (1952), in which a cab driver assisted a passenger in the rape of a victim. The court found that the incident was covered by a policy which extended to damages

"caused by accident and arising out of the ownership, mainte-
nance or use of the automobile." 78 N.D. at 898. However, only
the cab driver was sued in the case and the court found that
public policy prohibited indemnification for such intentional con-
duct. In *Commercial Casualty Ins. Co. v. Tri-State Transit Co.*,
1 So. 2d 221 (Miss. 1941), 133 A.L.R. 1510, similar language was
held to cover a situation in which a bus broke down and a
passenger contracted pneumonia after being forced to walk in foul
weather.

The district court considered both *Haser* and *Tri-State Transit
Co.* in rendering its decision, but chose to follow two more recent
cases which reached a contrary result. In *Farmers Insurance v.
Grelis*, 43 Wash. App. 475, 718 P.2d 812 (1986), the court found
that the stabbing of a victim in his automobile was not an injury
"caused by an automobile accident." The *Grelis* court stated:

"Here, the words 'automobile accident' are not ambiguous. It would re-
quire a strained interpretation of the words to find an ambiguity. In our
judgment, the average person would not consider the stabbing incident in
Grelis's parked van as an 'automobile accident.' Rather, we believe the
average person would probably say only that Grelis was stabbed while sitting
in his automobile." 43 Wash. App. at 478.

Another case cited by Allied and relied on by the trial judge
is *Jordan v. United Equitable Life Insurance Company*, 486
S.W.2d 664 (Mo. App. 1972), in which a taxi driver was robbed
and shot. The policy provided coverage for injuries caused "solely
by reason of automobile accident." 486 S.W.2d at 666. The court
found there was no coverage, saying:

"We believe that the exclusionary clause limits the liability of the insurer
whenever there is some relationship, nexus or tie between the injury sus-
tained and the vehicle. The automobile must, in some manner, be involved
in the accident, and the mere fact that an accident takes place in or near
the automobile does not impose responsibility upon the insurer." 486 S.W.2d
at 667.

We believe the better rule, and the one suggested by the *Evans*
court, is that there must be some causal connection between the
accident and the automobile allegedly involved. Applying this rule
to this case, we conclude that Allied's policy does not provide
coverage for the unfortunate incident described here.

Affirmed.