[No. 17389-5-III. Division Three. February 18, 1999.]

MICHAEL D. TYRRELL, *Respondent*, v. FARMERS INSURANCE GROUP OF COMPANIES, *Appellant*.

*Diehl R. Rettig* and *John P. Raekes* of *Rettig, Osborne, Forgette, O'Donnell & Iller,* for appellant.

*Timothy B. Fennessy,* for respondent.

Brown, J. — First, we review the trial court's grant of summary judgment to an insured, Michael D. Tyrrell, on a personal injury protection (PIP) coverage claim. Second, we review the denial of summary judgment on a failure to give notice to the insurer, Farmers Insurance Group of Companies. Dr. Tyrrell sustained injury when he fell from his camper attached to his pickup truck. The court decided the injury was a covered "motor vehicle accident" under the policy and material facts remained on the other issues. We agree and affirm.

## FACTS

Dr. Tyrrell, a chiropractor, fell on August 29, 1992, as he stepped down to a footstool from his camper attached to his pickup truck. He claims he suffered injuries when striking the truck's tailgate and the ground. Dr. Tyrrell seeks PIP wage loss and medical benefits from Farmers, insurer of his truck and camper. The two central disputes are coverage and failure to give notice combined with failure to cooperate. The coverage question relates to policy language providing coverage for a "motor vehicle accident." Dr. Tyrrell's policy does not define "motor vehicle accident." Both sides moved for summary judgment. Dr. Tyrell prevailed.

The notice question arose in a second summary judgment denied to Farmers. Dr. Tyrrell's deposition discloses he promptly contacted his insurance agent who informed him his accident would not be covered. Around December 1992, he contacted a Farmers representative on an unrelated claim and asked whether his August accident would be covered. She thought the accident would have PIP coverage. On December 30, 1992, the same Farmers representative sent him a letter with a claim form. A follow-up letter was sent to him a month later when Farmers received no reply. Dr. Tyrrell finally submitted the claim August 21, 1995. Farmers alleged breach of conditions precedent to coverage and material prejudice. The trial court, finding material facts in dispute related to notice and prejudice, denied summary judgment to Farmers.

Farmers' appeal followed for both summary judgments.

## ANALYSIS
### A. Coverage

The issue is whether the trial court erred granting Dr. Tyrrell summary judgment and denying summary judgment to Farmers by deciding the facts constituted a "motor vehicle accident."

■■ The standard of review of a summary judgment order appears in *Schaaf v. Highfield*, 127 Wn.2d 17, 21, 896 P.2d 665 (1995) and *Chen v. State*, 86 Wn. App. 183, 187, 937 P.2d 612, *review denied*, 133 Wn.2d 1020 (1997). A summary judgment motion brought under CR 56(c) can be granted only if the pleadings, affidavits, depositions, and admissions on file demonstrate the absence of any genuine issues of material fact. All facts and reasonable inferences are considered most favorably to the nonmoving party. *Schaaf*, 127 Wn.2d at 21. When reasonable minds could reach but one conclusion regarding claims of disputed facts, such questions may be determined as a matter of law. *Ruffer v. St. Frances Cabrini Hosp.*, 56 Wn. App. 625, 628, 784 P.2d 1288, *review denied*, 114 Wn.2d 1023 (1990).

 The disputed coverage provision states: "We will provide the benefits described below for **bodily injury** to each **insured person** caused by a **motor vehicle accident**." In Washington, "[c]onstruction of an insurance policy is a question of law for the courts, the policy is construed as a whole, and the policy 'should be given a fair, reasonable, and sensible construction as would be given to the contract by the average person purchasing insurance.' " *Kitsap County v. Allstate Ins. Co.*, 136 Wn.2d 567, 575, 964 P.2d 1173 (1998) (citations omitted). Because "motor vehicle accident" is not separately defined in Dr. Tyrrell's policy, the term should be given its "plain, ordinary, and popular" meaning. *Id.* at 576. Dr. Tyrrell's insurance policy does define "accident" as: "[A] sudden event . . . resulting in **bodily injury** or **property damage** neither expected nor intended by the **insured person**." The term "motor vehicle" modifies "accident." A court may not create an ambiguity if the policy language is clear and unambiguous. *Id.* "An ambiguity in an insurance policy is present if the language used is fairly susceptible to two different reasonable interpretations." *Id.*

██ ██ We agree the combined language is not ambiguous. *See Farmers Ins. Co. v. Grelis*, 43 Wn. App. 475, 478, 718 P.2d 812 (1986) (the words "automobile accident" are not ambiguous). Farmers does not dispute the fall was an accident. Instead, Farmers relying heavily on *Grelis* contends the facts do not fit within the common understanding of a motor vehicle accident. We disagree.

*Grelis* is distinguishable because there the insured was stabbed and just happened to be in his insured vehicle. Here, Dr. Tyrrell slipped when performing a routine function related to a motor vehicle with a camper, getting out of it. Further, Dr. Tyrrell slipped using insured components, the tailgate and a footstool supplied with the camper. Additionally, Dr. Tyrrell actually hit the tailgate when he fell causing injury rather than being a stabbing victim who happened to be in his insured automobile at the time of an assault as was Mr. Grelis. While Dr. Tyrrell's accident is

somewhat unique, we agree it falls within a "fair, reasonable, and sensible construction as would be given to the contract by the average person purchasing insurance." *Kitsap County*, 136 Wn.2d at 575. The viewpoint is that of the average insurance purchaser, not the insurance claims adjuster.

We concede the fact a vehicle is the "mere situs" of an accident does not automatically bring the occurrence within the coverage of an insurance policy. *PEMCO Ins. Co. v. Schlea*, 63 Wn. App. 107, 111, 817 P.2d 878 (1991). "The injury must result from the type of motoring risk that the parties intended to cover by the automobile policy." *Schlea*, 63 Wn. App. at 111. Here, Dr. Tyrrell was exiting the back of his camper pickup when he fell. He was stepping down from the tailgate of his truck to a footstool provided with the camper. Is this an injury resulting from the type of risk that the parties intended to cover under camper pickup insurance? We think it is. This is a specialized type of vehicle. The premium for the PIP coverage is not segregated between the camper and the pickup. Entering and exiting such a vehicle is a common activity. Generally, the use of a vehicle depends on an insured's ability to safely enter and exit it. A reasonable insurance purchaser would contemplate this activity when obtaining coverage. We cannot say the average person could not reasonably consider Dr. Tyrrell's fall under this factual context to be a motor vehicle accident.

According to Farmers, the trial court also improperly relied on a nexus test. During the judge's oral ruling, the judge addressed the nexus between the injury and the vehicle and he stated that absent a definition, "I still go with the identification of a nexus." Farmers argues the sufficient nexus test can be utilized only if the insurance policy in question contains the phrase "arising out of." We could not find nor does Farmers provide any legal authority to sup-

port such a proposition. We conclude the trial court did not err.

## B. Notice and Cooperation

The issue is whether the trial court erred finding material facts in dispute and denying summary judgment to Farmers on its breach of notice and cooperation clause claims. The standard of review remains the same.

The policy requires in the event of an accident "notice must be given to us promptly." "Other Duties" for an insured claiming coverage include the duty to "[c]ooperate with us and assist us in any matter concerning a claim or suit." Farmers argues further that "Other Duties" were breached causing material prejudice due to its inability to require timely and meaningful submission to a physical examination, acquire medial records, and receive written proof of loss.

Dr. Tyrrell's deposition supports his position he contacted his agent soon after the accident, but his agent told him his accident would not be covered. The agent's testimony is not before us. On the other hand, Farmers takes the position its first knowledge of the accident was four months later when Dr. Tyrrell contacted one of Farmers' representatives on another matter. Another unresolved question is whether contacting an agent or representative without submitting a written claim is sufficient notice under the terms of Dr. Tyrrell's policy. Consequently, the trial court properly found disputed material facts and correctly denied Farmers' request for summary judgment on the notice issue.

Last, Farmers contends it was materially prejudiced by Dr. Tyrrell's failure to promptly notify it of his accident and cooperate in the ways specified. Prejudice in this context is a question of fact unless reasonable minds could not differ. *Oregon Auto. Ins. Co. v. Salzberg*, 85 Wn.2d 372, 377, 535 P.2d 816 (1975). Prejudice can thus be viewed as an affirmative defense available to the insurer. *See Pilgrim*

*v. State Farm Fire & Cas. Ins. Co.*, 89 Wn. App. 712, 723-24, 950 P.2d 479 (1997). We conclude reasonable minds could differ regarding prejudice. Accordingly, we hold the trial court did not err when denying summary judgment to Farmers on its affirmative defense. Prejudice remains a jury question.

## CONCLUSION

We hold the trial court did not err on summary judgment by allowing coverage and requiring trial on the breach of notice and cooperation issues.

Affirmed.

KURTZ, A.C.J., and SWEENEY, J., concur.

Review granted at 138 Wn.2d 1008 (1999).