[No. 67862-6.   En Banc.]
Argued January 13, 2000.      Decided March 9, 2000.

MICHAEL D. TYRRELL, *Respondent*, v. FARMERS INSURANCE
COMPANY OF WASHINGTON, *Petitioner.*

*Rettig, Osborne, Forgette, O'Donnell, Iller & Adamson, L.L.P.,* by *Diehl Randall Rettig* and *Cheryl R.G. Adamson,* for petitioner.

*Layman, Layman & Fennessy,* by *Timothy B. Fennessy,* for respondent.

GUY, C.J. — Michael Tyrrell, respondent, brought an action in Spokane County Superior Court against Farmers Insurance Company of Washington (Farmers), petitioner,

requesting a declaratory judgment that Tyrrell's tripping while exiting a camper attached to his pickup truck, with alleged injuries resulting, was a "motor vehicle accident" covered under the personal injury provisions (PIP) of his automobile insurance policy. The trial court granted Tyrrell's motion for partial summary judgment on this question. Farmers appealed, arguing in relevant part that the legal conclusion that Tyrrell's injuries were the product of a "motor vehicle accident" was clearly erroneous. Division Three of the Court of Appeals affirmed. Farmers petitioned for this Court's review. We granted review, and now reverse the Court of Appeals and remand to the trial court for an entry of summary judgment in Farmers' favor.

## FACTS

The following facts are undisputed. In 1992, Tyrrell, a chiropractor, parked a 1986 Toyota one-ton pickup, to which a detachable camper was affixed, in a Spokane park for overnight camping. The vehicle was insured by Farmers. The camper's purchase, occurring three or four years after that of the truck, had included a single, unattached wooden object used as a step to make entering and exiting easier. Upon exiting the camper, Tyrrell stepped down from the truck's tailgate onto the unattached wooden step that had been placed on the ground. The step somehow gave way, causing Tyrrell to fall. In falling, his arm caught on the edge of the tailgate, cutting it. He then landed on a rock, further injuring himself. In addition to minor wounds, Tyrrell suffered two compression fractures in his back. Tyrrell first notified Farmers of the incident a few months later. Two and a half years later he filed a claim with Farmers under his policy's PIP provisions seeking payment for medical expenses, wage loss, and the purchase of a Nordic Track and medical equipment. Farmers denied the claim.

Tyrrell filed an action in Spokane County Superior Court seeking a declaratory judgment that the accident was covered under the PIP provisions of his Farmers policy. Farmers answered with two affirmative defenses: (1) The

injuries were not caused by a "motor vehicle accident" and, thus, were not covered by the Farmers policy; and (2) Tyrrell breached conditions in his Farmers policy precedent to invoking its coverage by failing to cooperate with Farmers and timely submit his claim form. Farmers moved for summary judgment on the question of whether Tyrrell's injury claim was the result of a "motor vehicle accident" within the insurance policy's coverage, arguing it was not. Tyrrell cross-claimed for a partial summary judgment finding that there was coverage. The trial judge granted partial summary judgment on this question to Tyrrell and denied Farmers' motion. Farmers then moved for summary judgment on its second affirmative defense: breach of the policy's cooperation clause. This motion was also denied,[1] thus reserving this fact question for trial. Farmers appealed to Division Three of the Court of Appeals, which affirmed the trial court. *See Tyrrell v. Farmers Ins. Group of Cos.*, 94 Wn. App. 320, 971 P.2d 960 (1999). Farmers then petitioned for this Court's review, and review was granted.

## ISSUE

Was Tyrrell's injury claim the result of a "motor vehicle accident" covered by his automobile insurance policy?

## ANALYSIS

The central issue in this case is whether Tyrrell's injury claim could have been covered by his automobile insurance policy inasmuch as the policy limits coverage to claims for "**bodily injury** to each **insured person** caused by a *motor vehicle accident*." Clerk's Papers at 92 (emphasis added).

In reviewing an appealed summary judgment order, this Court engages in the same inquiry as the trial

---

[1]Farmers does not renew here its claim, denied below, that the trial court erred in denying this motion. *See* Pet. for Review at 5.

court. *See Roller v. Stonewall Ins. Co.*, 115 Wn.2d 679, 682, 801 P.2d 207 (1990) (citing *Wendle v. Farrow*, 102 Wn.2d 380, 383, 686 P.2d 480 (1984)). *Roller* noted that where facts are not in dispute, "coverage depends solely on the language of the insurance policy"—and the interpretation of that language is a question of law reviewed de novo. *Roller*, 115 Wn.2d at 682 (citations omitted). "In construing the language of an insurance policy, the policy should be given a fair, reasonable, and sensible construction as would be given to the contract by the average person purchasing insurance." *Roller*, 115 Wn.2d at 682 (citing *E-Z Loader Boat Trailers, Inc. v. Travelers Indem. Co.*, 106 Wn.2d 901, 907, 726 P.2d 439 (1986)).

▮ In reviewing the policy, it is considered as a whole so as to give effect to every clause in it. *See Kitsap County v. Allstate Ins. Co.*, 136 Wn.2d 567, 575, 964 P.2d 1173 (1998) (citing *American Star Ins. Co. v. Grice*, 121 Wn.2d 869, 877, 854 P.2d 622 (1993), *supplemented by* 123 Wn.2d 131, 865 P.2d 507, 44 A.L.R.5TH 905 (1994)). This Court examines the policy's terms "to determine whether under the plain meaning of the contract there is coverage." *Kitsap County*, 136 Wn.2d at 576 (citing *Boeing Co. v. Aetna Cas. & Sur. Co.*, 113 Wn.2d 869, 876, 784 P.2d 507, 87 A.L.R.4TH 405 (1990)). Where terms are undefined, they "must be given their 'plain, ordinary, and popular' meaning." *Kitsap County*, 136 Wn.2d at 576 (quoting *Boeing*, 113 Wn.2d at 877). In determining this meaning, standard English dictionaries may be used. *See Kitsap County*, 136 Wn.2d at 576.

▮ Where policy language is "clear and unambiguous," and not fairly susceptible to two different reasonable interpretations, courts may not create an ambiguity. *Kitsap County*, 136 Wn.2d at 576 (citing *American Star*, 121 Wn.2d at 874). Both the trial court and the Court of Appeals found the language of the insurance policy at issue here to be unambiguous, and neither party argues here that the term "motor vehicle accident" is ambiguous—although they do disagree over its meaning. The term arises in the following context:

> We will provide the benefits described below for **bodily injury** to each **insured person** caused by a **motor vehicle accident**.
>
> . . . .
>
> **Motor vehicle** means a land motor vehicle or a trailer, but does not mean a vehicle:
>
> . . . .
>
> 3. Located for use as a residence or premises.

Clerk's Papers at 92. There is no dispute over the fact that Tyrrell's injuries resulted from an "accident," which the policy defines as "a sudden event, including continuous or repeated exposure to the same conditions, resulting in **bodily injury** or **property damage** neither expected nor intended by the **insured person**." Clerk's Papers at 90. Thus, while "motor vehicle" and "accident" are defined, the term "motor vehicle accident" is not.

In defining "motor vehicle accident," Farmers heavily relies upon a Division Two decision, *Farmers Ins. Co. v. Grelis*, 43 Wn. App. 475, 718 P.2d 812 (1986). When Grelis, the owner of an insured van, was sitting inside his van, he invited someone to enter the vehicle. That person proceeded to pull a knife on Grelis with the intention of robbing him. The robber tripped on part of the front seat, accidentally lunged forward, and stabbed Grelis. *See id.* at 476-77. Grelis made a claim of benefits under his insurance policy for medical expenses and lost income due to the stabbing, under the terms of a PIP provision that provided benefits " 'for injury to each insured person caused by an automobile accident.' " *Id.* at 477 (emphasis omitted). Farmers denied coverage, finding that the stabbing injury was not the product of such an automobile accident. Farmers sought, and received, a summary judgment finding that no coverage existed for Grelis's injury. *Id.*

On appeal, Grelis argued that the term "automobile accident" was ambiguous and should be construed against Farmers. Grelis's policy defined "accident" in a manner

identical to the definition of "accident" in Tyrrell's Farmers policy. *Id.* The court wrote that "[t]he issue . . . is whether the word 'accident' is ambiguous when modified by the word 'automobile.' " *Id.* at 478. Applying the rules of insurance contract interpretation, the court found that "the words 'automobile accident' are not ambiguous. It would require a strained interpretation of the words to find an ambiguity." *Id.* It noted that the average person would not consider the stabbing incident to be an "automobile accident," even though it involved an automobile. *Id.* Significantly, Division Two found support in another court's construction of "the similar term 'motor vehicle accident' ":

> "The term motor vehicle accident is not an enigmatic one. The words evoke an image of one or more vehicles in a forceful contact with another vehicle or person, causing physical injury."

*Id.* (quoting *Manhattan & Bronx Surface Transit Operating Auth. v. Gholson*, 98 Misc. 2d 657, 658-59, 414 N.Y.S.2d 489, 490, *aff'd*, 71 A.D.2d 1004, 420 N.Y.S.2d 298 (1979)). Accordingly, Division Two found that the injuries to Grelis were caused by the robbery, and the incidental involvement of van seats did not convert the incident into an "automobile accident." *See id.*

*Grelis* is factually distinguishable, which Tyrrell argues makes it legally distinguishable as well. However, Farmers argues that the discussion in *Grelis* of the meaning of the similar term "automobile accident," and approvingly-quoted definition from *Gholson* of the term "motor vehicle accident," is consistent with the plain, ordinary, and popular meaning of the latter term within the context of the insurance policy at issue here. Farmers argues that:

> PIP coverage is simply not intended to cover a trip and fall accident during meal preparation activities while camping out in Riverside Park. . . . A motor vehicle accident would entail a vehicle-to-vehicle impact, a vehicle-to-pedestrian impact, a one car rollover, a vehicle striking a retaining wall, and the like.

> The common thread is that, in all of these situations, the motor vehicle is being used *as a motor vehicle*.

Pet. for Review at 9.

Tyrrell counters that "using the same image invoked in *Grelis*, Tyrrell's injuries resulted from the forceful contact between a vehicle and a person." Answer to Pet. for Review at 6. This conception of an accident involving a person and a *parked* vehicle is quite a stretch as the word "forceful," as used in *Gholson*'s definition, very obviously necessitates *movement* on the part of "one or more vehicles in a forceful contact with another vehicle or a person, causing physical injury." *Gholson*, 98 Misc. 2d at 659.

The definition of "motor vehicle accident" that Tyrrell arrives at is more expansive: *"[A]ny* unforeseen or unexpected bodily injury resulting from the use of a self-propelled device capable of moving upon a public highway." Resp't's Br. at 13 (emphasis added). An image that easily comes to mind is an insured tripping while making the oft-difficult step down from the high doorway of a pickup truck or sports utility vehicle. Another is tripping—over, say, the threshold or a seat belt—while *entering* a vehicle. Making all such accidents "motor vehicle accidents" for insurance purposes is a logical extension of the Court of Appeals holding that "the use of a vehicle depends on an insured's ability to safely enter and exit it." *Tyrrell*, 94 Wn. App. at 325. However, this definition does not fit with "a *fair, reasonable,* and *sensible* construction as would be given to the contract by the *average* person purchasing insurance." *Roller,* 115 Wn.2d at 682 (emphasis added). Nor would this construction of the term "motor vehicle accident" comport with the plain, ordinary, and popular meaning of that term. *See Kitsap County*, 136 Wn.2d at 576. Even had the facts here been less attenuated, and *all* of Tyrrell's injuries caused by contact with his parked vehicle after tripping over the detached wooden step, they still could not properly be conceived of as the result of a "motor vehicle accident."

We find Farmers' position compelling: that the

sensible and popular understanding of what a "motor vehicle accident" entails necessarily involves the motor vehicle *being operated as a motor vehicle. See* Pet. for Review at 9. A motor vehicle is being operated as a motor vehicle when it is being driven or when it is stopped while being driven. For example, if a tree limb were to fall on the motor vehicle while a person was driving or had stopped while driving, that would constitute a "motor vehicle accident." On the other hand, a motor vehicle is not being operated as a motor vehicle when parked.

Tyrrell was not operating his motor vehicle when his injuries occurred. They were not caused by a "motor vehicle accident" and are not covered under the personal injury protection provisions of his Farmers policy.[2]

## CONCLUSION

We hold that a "motor vehicle accident" occurs only when the covered motor vehicle is being operated as a motor vehicle. Tyrrell's injuries were not caused by a "motor vehicle accident." The Court of Appeals decision upholding the partial grant of summary judgment in Tyrrell's favor is reversed, and this case remanded to the trial court for an entry of summary judgment in favor of Farmers on the threshold question of whether Tyrrell's injury claim was the result of a "motor vehicle accident" covered by his insurance policy.

---

[2]Farmers further argues that Tyrrell's camper was being used as "lodging" when Tyrrell's injury occurred, and, accordingly, fell within the policy's exemption from coverage for vehicles "[l]ocated for use as a residence or premises." Clerk's Papers at 92; *see also* Pet. for Review at 16. Tyrrell responds that he "does not believe that issue can be raised at this late stage." Answer to Pet. for Review at 11. Tyrrell cites no authority for his position, which contradicts the aforementioned rule that "[a] policy is considered as a *whole* so that the court can give effect to *every clause* in the policy." *Kitsap County*, 136 Wn.2d at 575 (emphasis added). However, in light of our finding an exclusion due to our resolution of the central question in this case, there is no reason to also reach the almost metaphysical—and cursorily briefed—question of whether a camping trip converts a pickup with an affixed camper into "a residence or premises" excluded from insurance coverage.

Smith, Johnson, Madsen, Alexander, Talmadge, Sanders, Ireland, and Bridge, JJ., concur.