IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| KELLY RAMM and LISA RAMM, husband and wife, | ) ) ) | No. 34542-4-III |
| Appellants, | ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| FARMERS INSURANCE COMPANY OF WASHINGTON, | ) ) ) | |
| Respondent. | ) ) | |

PENNELL, J. — Kelly and Lisa Ramm sued Farmers Insurance Company of

Washington after it denied coverage for personal injury protection (PIP) benefits. The

trial court granted summary judgment in favor of Farmers. We affirm.

FACTS

Kelly Ramm was driving with his son on Trent Avenue in Spokane when he began to feel nauseous. Believing he was going to be sick, Mr. Ramm turned his vehicle from Trent to a side street and then pulled over toward the side of the road. The vehicle was placed in park but the keys remained in the ignition with the engine running. Mr. Ramm then unbuckled his seatbelt and leaned out the driver's door to vomit onto the road. But he passed out and fell forward onto the pavement, striking his head and suffering significant injuries. After falling and while still unconscious, Mr. Ramm began bleeding profusely. His head and upper body fell outside the vehicle but his legs and feet remained inside near the pedals for the accelerator and brakes. Mr. Ramm's son provided some basic first aid and drove his father to the emergency room.

The Ramms accumulated medical bills in excess of $10,000 for treatment of Mr. Ramm's injuries. Mr. Ramm submitted a PIP claim under his personal automobile policy with Farmers. The insurance policy agreement affords that Farmers "will provide the benefits described [in the policy] for *bodily injury* to each *Insured person* caused by a *motor vehicle accident*." Clerk's Papers (CP) at 87 (emphasis in original).

Farmers responded to Mr. Ramm's PIP claim by denying coverage for the incident. Farmers based the decision on its interpretation of *Tyrrell v. Farmers Insurance Co. of*

2

No. 34542-4-III
*Ramm v. Farmers Ins. Co. of Wash.*

*Washington*, 140 Wn.2d 129, 994 P.2d 833 (2000). It took the position that, under *Tyrrell,* a motor vehicle accident only occurs "when the covered motor vehicle is being operated as a motor vehicle" and "a motor vehicle is not being operated as a motor vehicle when parked." CP at 72. Farmers reasoned that since Mr. Ramm sustained his injuries by falling from a parked vehicle, the events leading to those injuries could not be considered a motor vehicle accident and he was not entitled to PIP coverage. Mr. Ramm replied to Farmers' coverage denial through his attorney. In response, relying on *PEMCO Insurance Co. v. Schlea*, 63 Wn. App. 107, 817 P.2d 878 (1991), Farmers further contended that Mr. Ramm "was not engaged in a transaction essential to the use of the vehicle at the time of the loss nor was there a causal connection between the injury and the use of the insured vehicle." CP at 75. Farmers reiterated its denial of PIP coverage.

The Ramms filed suit against Farmers alleging breach of contract for failure to pay PIP benefits as well as several other claims that are not relevant to this appeal. They moved for partial summary judgment on the breach of contract claim. Farmers filed a cross motion for summary judgment, but the parties later stipulated that the trial judge would consider summary judgment only on the breach of contract claim. Consideration of the other claims in the Ramms' lawsuit was reserved for a later date. After a hearing, the trial judge granted Farmers' cross motion, denied the Ramms' motion, and dismissed

3

the breach of contract claim. The parties stipulated to an agreed order of dismissal on the other claims in the suit to allow for an immediate appeal of the ruling on the breach of contract claim. The Ramms appeal.

## ANALYSIS

This court reviews an order granting summary judgment de novo. *Lyons v. U.S. Bank Nat'l Ass'n*, 181 Wn.2d 775, 783, 336 P.3d 1142 (2014). In an automobile insurance case where facts are not in dispute, "coverage depends solely on the language of the insurance policy," and the interpretation of that language is a question of law reviewed de novo. *Roller v. Stonewall Ins. Co.*, 115 Wn.2d 679, 682, 801 P.2d 207 (1990), *overruled on other grounds by Butzberger v. Foster*, 151 Wn.2d 396, 89 P.3d 689 (2004). "In construing the language of an insurance policy, the policy should be given a fair, reasonable, and sensible construction as would be given to the contract by the average person purchasing insurance." *Roller*, 115 Wn.2d at 682.

At issue here is whether Mr. Ramm's injuries were caused by a "motor vehicle accident," as contemplated by the insurance policy. We have held the term motor vehicle accident unambiguously refers to an incident where one or more vehicles come in "'forceful contact with another vehicle or a person, causing physical injury.'" *Farmers*

4

No. 34542-4-III
*Ramm v. Farmers Ins. Co. of Wash.*

*Ins. Co. of Wash. v. Grelis*, 43 Wn. App. 475, 478, 718 P.2d 812 (1986) (quoting

*Manhattan & Bronx Surface Transit Operating Auth. v. Gholson*, 98 Misc. 2d 657, 414

N.Y.S.2d 489, 490, *aff'd*, 71 A.D.2d 1004, 420 N.Y.S.2d 298 (1979)). In *Tyrrell*, the

Washington Supreme Court found this understanding of what constitutes a motor vehicle

accident "compelling." *Tyrrell*, 140 Wn.2d at 136-37. The court further explained that a

motor vehicle accident occurs when a motor vehicle is being operated as a motor vehicle.

*Id.* As explained by the court:

> A motor vehicle is being operated as a motor vehicle when it is being driven
> or when it is stopped while being driven. For example, if a tree limb were
> to fall on the motor vehicle while a person was driving or had stopped while
> driving, that would constitute a 'motor vehicle accident.' On the other
> hand, a motor vehicle is not being operated as a motor vehicle when parked.

*Id.* at 137.

The applicable legal standards support the denial of insurance coverage by

Farmers. Under *Grelis*, the analysis is straightforward. Mr. Ramm's injuries were not

caused by forceful contact with a vehicle. The forceful contact was with the pavement.

A reasonable construction of the term "motor vehicle accident" simply does not

encompass this unfortunate incident.

5

Recognizing the lack of support under *Grelis*, the Ramms argue the standard articulated in *Tyrell* is broader than *Grelis*. That may be true in an unusual case.[1] But it is not true here. *Tyrell* is unhelpful to the Ramms because Mr. Ramm was not operating his vehicle at the time of the incident. Contrary to the Ramms' assertions, Mr. Ramm had not merely stopped his vehicle while driving. Stopping while driving occurs, for example, when a vehicle stops at a traffic light. In this circumstance, the driver must continuously step on the brake pedal, or take similar action, to keep the vehicle under control. Such active involvement constitutes operation as contemplated by *Tyrell*. No similar conduct occurred here. Mr. Ramm's car was not stopped at a traffic signal. He was not taking any action to ensure the car remained motionless. Instead, Mr. Ramm's vehicle was pulled to a side road and the transmission was placed in park. It is irrelevant that Mr. Ramm did not intend to have his vehicle remain in park for very long. That is not the test. The test is what was happening at the moment of the incident. Because Mr. Ramm was in no sense operating his vehicle at the time the injuries were sustained, the

---

[1] Such might be the case where a tree limb falls on the driver of a convertible vehicle that is stopped at an intersection. In such circumstances, there may well be no forceful contact between the injured driver and the motor vehicle. The forceful contact would be between the individual and the tree limb. But the accident would have occurred while the convertible was being operated as a motor vehicle. Thus, it would appear the accident would qualify for coverage under *Tyrell* even though it does not meet the standard for a motor vehicle accident under *Grelis*.

No. 34542-4-III
*Ramm v. Farmers Ins. Co. of Wash.*

incident did not qualify for PIP coverage.

## CONCLUSION

The trial court's summary judgment order of dismissal is affirmed. Because the

Ramms are not the prevailing party, they are not entitled to costs or fees.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____
Fearing, C.J.

_____
Korsmo, J.

7