IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| SVETLANA KOREN as parent and Guardian of ERIC KOREN, | ) ) | No. 34723-1-III |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | PUBLISHED OPINION |
| STATE FARM FIRE AND CASUALTY COMPANY, a foreign entity authorized to perform the business of insurance in Washington, | ) ) ) ) | |
| | ) | |
| Respondent. | ) | |

PENNELL, J. — Under the personal injury protection (PIP) provisions of State Farm's insurance policy, and Washington's motor vehicle and insurance statutes, a standard capacity school bus does not qualify as an "automobile." This is because an "automobile" is defined as a motor vehicle designed to carry 10 passengers or less[1] and school buses can carry many more than 10 people.

Despite the limited definition of an "automobile," we are asked whether a collision between school buses qualifies as an "automobile accident" because the term "automobile

---

[1] Some vehicles designed to carry 10 passengers or less are excluded from the definition of "automobile," but those exclusions are not relevant to the issues on appeal.

accident" has a special meaning, extending to all motor vehicle collisions, regardless of vehicle type. Our answer is no. The meaning of "automobile accident" is informed by the definitions applicable to the term's component words. "Automobile accident" is a two-word phrase wherein the first word modifies the second. As such, a collision can qualify as an "automobile accident" only if it involves a vehicle meeting the definition of an "automobile."

The superior court properly construed the term "automobile accident" in granting summary judgment to State Farm. The order on appeal is therefore affirmed.

## FACTS

Svetlana Koren's minor son Eric was injured as a result of a collision involving two school buses. Mrs. Koren filed a claim for PIP benefits on behalf of Eric with her insurer, State Farm.

The PIP portion of the insurance policy between Mrs. Koren and State Farm provides benefits "for **bodily injury** sustained by [the] **insured** and caused by an **automobile** accident." Clerk's Papers (CP) at 59.[2] Those PIP provisions further define an "automobile," in pertinent part, as a "**motor vehicle** registered or designed for carrying

---

[2] Eric qualified as an insured under his mother's policy by virtue of being a resident relative.

2

ten passengers or less . . . ." *Id*. at 58. The terms "accident" and "automobile accident" are not defined in the policy.

State Farm denied Mrs. Koren's coverage claim. According to State Farm, Eric's injuries were not sustained during an "automobile accident" as contemplated by Mrs. Koren's policy. Specifically, because each of the two buses involved were designed to carry more than 10 passengers, neither vehicle met the policy definition of an "automobile."

Mrs. Koren filed suit against State Farm on behalf of Eric in Spokane County Superior Court, and the parties filed cross motions for summary judgment on issues related to insurance coverage. The superior court sided with State Farm. The court reasoned the focus in this case was not the definition of "automobile accident," rather it was whether the school buses involved in the accident met the definition of "automobile." It found the policy's definition of "automobile" was not ambiguous and the buses did not qualify as automobiles. The superior court also found the definition of "automobile" under the insurance policy tracked with the language of RCW 48.22.005(1) and RCW 46.04.382; thus, it did not contravene public policy. Since the court found the school bus collision here did not qualify as an insurable event, it did not reach State Farm's other coverage arguments for summary judgment.

No. 34723-1-III
*Koren v. State Farm Fire and Cas. Co.*

Mrs. Koren sought, and we granted, discretionary review of the superior court's summary judgment order.[3]

ANALYSIS

Summary judgment orders are reviewed de novo. *Lyons v. U.S. Bank Nat'l Ass'n*, 181 Wn.2d 775, 783, 336 P.3d 1142 (2014). Where the facts in a motor vehicle insurance case are not disputed, "coverage depends solely on the language of the insurance policy," and the interpretation of such language is a question of law reviewed de novo. *Roller v. Stonewall Ins. Co.*, 115 Wn.2d 679, 682, 801 P.2d 207 (1990), *overruled on other grounds by Butzberger v. Foster*, 151 Wn.2d 396, 89 P.3d 689 (2004). "In construing the language of an insurance policy, the policy should be given a fair, reasonable, and sensible construction as would be given to the contract by the average person purchasing insurance." *Roller*, 115 Wn.2d at 682. Courts may not create an ambiguity where the policy language is "clear and unambiguous," and not fairly susceptible to different reasonable interpretations. *Kitsap County v. Allstate Ins. Co.*, 136 Wn.2d 567, 576, 964 P.2d 1173 (1998).

Mrs. Koren challenges the superior court's summary judgment order favoring State Farm, arguing the plain terms of her policy do not resolve the question of whether a

---

[3] Extra-contractual claims remain for decision in superior court.

4

school bus collision constitutes an "automobile accident." As noted by Mrs. Koren, the

State Farm policy defines the term "automobile," but not "automobile accident."

According to Mrs. Koren, "automobile accident" is a term of art that has a special

meaning and extends coverage to all motor vehicle collisions. Mrs. Koren relies on

*Farmers Insurance Company of Washington v. Grelis*, 43 Wn. App. 475, 718 P.2d 812

(1986) and *Tyrrell v. Farmers Insurance Company of Washington*, 140 Wn.2d 129,

994 P.2d 833 (2000) for this assertion.

In *Grelis*, the insured was physically assaulted while sitting in his van. He filed a

claim for PIP benefits. Farmers denied coverage, claiming Mr. Grelis had not been

involved in an "automobile accident." There was no dispute that, under the plain terms of

the PIP policy, Mr. Grelis's van constituted an "automobile" and his injuries were

sustained as a result of an "accident." Nevertheless, Farmers argued the term

"automobile accident," undefined by the insurance policy, did not cover Mr. Grelis's

circumstances.

The *Grelis* court sided with Farmers. *Grelis* recognized an "automobile accident"

is a specific kind of accident. This is because the word "automobile" modifies the word

"accident." 43 Wn. App. at 478. Although undefined by the policy between Mr. Grelis

and Farmers, *Grelis* held the term "automobile accident" did not encompass an accident

5

whose only connection with an automobile was location. Instead, an accident must somehow be causally related to the operation of an automobile. *Grelis* cited with approval a decision out of New York that defined a "motor vehicle accident" as an accident involving "one or more vehicles in a forceful contact with another vehicle or a person, causing physical injury." *Grelis*, 43 Wn. App. at 478 (quoting *Manhattan & Bronx Surface Transit Operating Auth. v. Gholson*, 98 Misc. 2d 657, 658-59, 414 N.Y.S.2d 489, *aff'd*, 79 A.D.2d 1004, 420 N.Y.S.2d 298 (1979)).

The Washington Supreme Court expanded on *Grelis*'s analysis in *Tyrrell*. Mr. Tyrrell was injured while stepping down from his truck. Farmers denied PIP coverage under a "motor vehicle accident" policy. The policy defined the terms "motor vehicle" and "accident," but not "motor vehicle accident." Relying on *Grelis*, Farmers argued the term "motor vehicle" modified the word "accident" in a way that excluded Mr. Tyrrell's accident from coverage. The Supreme Court agreed. The court cited *Grelis* with approval and held that the sensible and popular understanding of what is meant by a "motor vehicle accident" necessarily involves a motor vehicle being operated as a motor vehicle. *Tyrrell*, 140 Wn.2d at 137.

Contrary to Mrs. Koren's claims, *Grelis* and *Tyrrell* do not support coverage in this case. Neither *Grelis* nor *Tyrrell* held the terms "automobile accident" or "motor vehicle

6

accident" should be construed in a manner contrary to their policy definitions. Both *Grelis* and *Tyrrell* focused on the word accident and discussed what it meant for the terms "automobile" and "motor vehicle" to modify the word accident. Both decisions held the modifiers used by the insurance policy limited the scope of an accident that could form the basis for recovery.

Consistent with *Grelis* and *Tyrrell*, the modifier "automobile" attached to the word "accident" in State Farm's policy compels us to conclude that Eric's injuries do not qualify for PIP coverage. It is not enough that Eric's injuries were sustained in an accident. For PIP coverage to apply, Eric's injuries must have been sustained in an accident that was causally connected to an automobile. Under the plain terms of the policy, they were not. Eric's injuries may have been the result of a "motor vehicle accident," but the PIP coverage in Mrs. Koren's policy was limited to an "automobile accident." Because neither vehicle in this accident was an "automobile," Eric's injuries cannot be considered to have been sustained in an "automobile accident."

Excluding Eric's school bus accident from PIP coverage does not violate public policy. Consistent with State Farm's insurance policy, Washington law only contemplates PIP coverage for "automobiles." *See* RCW 48.22.085-100. Like State Farm, Washington defines an "automobile" as a passenger car designed for carrying

7

No. 34723-1-III
*Koren v. State Farm Fire and Cas. Co.*

10 passengers or less. RCW 48.22.005(1); RCW 46.04.382. By its plain terms, Washington law does not require insurance companies to offer PIP coverage for large capacity vehicles, such as the school buses involved in this case.

To the extent Mrs. Koren believes the public would be better served by requiring insurers to offer PIP coverage for all motor vehicle accidents, not just those involving an "automobile," her concerns must be raised with the legislature. Our court can offer no relief.

## CONCLUSION

The superior court's summary judgment order is affirmed. Mrs. Koren's request for attorney fees is denied. This matter is remanded to the superior court for further proceedings.

_____
Pennell, J.

WE CONCUR:

_____   _____
Lawrence-Berrey, A.C.J.          Siddoway, J.

8